Ruffin, C. J.
 

 The objection to the deposition was properly over ruled; The testimony was not offered to-, establish the contents of the instrument before the jury, in the sense of dispensing with the original for that purpose. On the contrary, the original was produced and given in. evidence;. The sole purpose, then, of setting; out the copy of the note in the deposition, was to identify the particular instrument: which was the subject of the* transaction to which the witness refers and primarily deposes. There may have been many papers of.the-kind, and therefore it might b’e material to identify that, about which the parties dealt. That might have been done by this-witness saying, for example, that it was-the only one he ever endorsed-, or was sued on in Granville Court, or the like. It does not hurt his testimony, that after stating-the suit on it, he proceeded further to set out a copy, so that any paper that might be produced, as an original, might be compared with the copy, as a test whether it was really that of which the witness was speaking. It was a particularity,.that might have operated inconveniently to the plaintiff .if the witness or the commissioner had,made a-slip in copying;, but it can-by no means hurt
 
 *83
 
 tbe deposition as evidence of identity, which was the sole purpose for which it was offered upon the trial. It is in that respect that this case differs from that of
 
 Regina
 
 v.
 
 Douglass,
 
 1 Carrington and Kerwan, 670; where the original books were produced before the Court in Madrass, which took the deposition, and they were retained there, and a copy of them sent in the deposition, as the only evidence upon the trial in England of the contents of the originals.
 

 There is nothing, we think, in the notion, that, as the commissioner acts under and as the substitute of the Court in taking the deposition, he ought not to take tes* timony from the witness to any fact, to which the witness could not under the same circumstances testify before the Court. For the deposition is not at the taking offered as evidence, but it is taken to be offered as evidence on' the trial of the cause ; and it will or will not be received, as it may then appear to have been duly taken. For example, the commissioner may proceed to take the deposition without proof before him of the notice to take it; or lie may examine a witness as to the contents of a lost bond, though the loss be not first proved ; but before the deposition can be read in evidence, the notice must be shewn to the Court, or the loss must be established, at least,
 
 prima facie.
 
 The truth is, however, that there is nothing in this deposition, which the witness might not have stated if he had been personally examined on the trial: for he did not mention the contents for the purpose of establishing them thereby, but merely to designate what original he was deposing about.
 

 The case of
 
 Jones
 
 v.
 
 Cannady,
 
 4 Dev. 86, is conclusive upon the point, that the declaration is not supported in the allegation, that the loan was to Jones. Supposing the evidence of Royster to be true, the fact is expressly proved.
 

 The next objection is, that the day of payment of the usurious interest is erroneously stated to be the 4th of
 
 *84
 
 May. If it be necessary that the precise day of taking the unlawful premium should be laid in the declaration, this objection is fatal; inasmuch as it was held in
 
 Wright
 
 v.
 
 Gibbony, 2
 
 Dev. & Bat. 474, that the action did not arise upon the collection of the money by the Sheriff, but upon the receipt of it by the defendant. But no authority has been cited, and the Court is not aware that there is any, establishing that the day of making the payment must in this case be truly laid in the declaration, more than in any other case ; or that the precise time of committing the offence of usury is more material than that of committing any other offence. It is necessary when a deed or record or other writing is stated in pleading, that the true date or proper term should be set out, as it is in respect to the sum of money mentioned therein, or the parties to the document; because those particulars enter into the description of the contract or record, and are necessary to its proper and sufficient description. But if an action be brought on an oral contract, though it be necessary in the declaration to allege a day when it was made, as time and place must be annexed to every material fact stated, yet, when the time is laid under a
 
 videlicet,
 
 it is not necessary to prove the day as laid ; because it is neither apart
 
 of
 
 the description of a document, nor of the substance of the agreement as made. So if payment
 
 ad diem
 
 be pleaded, payment before the day sustains it; and if the payment be pleaded
 
 post diem,
 
 although a time must be alleged in the plea, it is certain the evidence is not restricted to that time
 
 ;
 
 for the substance is the payment, and that is not affected by the day on which it took place, unless indeed, it be pleaded as a payment acknowledged by writing, which is relied on as an estoppel. In stating a case of usury, either in a declaration or plea, the time must, according to the general rule, be annexed to each fact; and, furthermore, the time must be alleged, as far as it enters into the description of the contract, because that is indispensable to the ascertainment of the receipt by one of the parties from the
 
 *85
 
 other of excessive interest, in other words, to shew that the offence has in law been committed. The sum lent and forborne, the time of forbearance, and the sum received for interest must appear in tbe declaration ;
 
 Allen
 
 v.
 
 Furguson,
 
 6 Ired. 17. And, in order to shew the time of forbearance, the several days on which the loan or the agreement for forbearance was made, and that on which, according to the agreement, the payment was to be made, must necessarily be stated. Usually the forbearance is measured by the period between the day of the agreement for forbearance and the day of payment; and therefore in that case the day of payment is naturally stated, according to the truth, to be that on which the forbearance, as stipulated for, expired. But if it be supposed, as may well happen, that A owes to B £100, and that it is agreed between them on the 1st day of January that for the forbearance thereof from that day until the 1st day of July following, A shall pay £10, on the 1st of July, and A does not pay the £10 on the 1st of July, but pays it on the 1st of August, then the declaration must set forth the 1st of January and 1st of July as the period of forbearance agreed on and as that for which the £10 was paid, so as to shew the excess of interest. For it would not be correct to allege, that the forbearance was until the 1st of August, although the payment was on that day ; for the parties contracted for forbearance of the principal up to the 1st of July and the £10, though received afterwards, was received as the price of the forbearance to the 1st of July and not to the 1st of August. In that case the day of the payment of the unlawful interest, and the day of the expiration of the forbearance,
 
 for which it was paid,
 
 would be different; and although the day, which determined the forbearance, must be truly alleged in order to measure the rate of interest, just as the sum forborne, and the sum paid for interest must also be truly alleged, yet there is no such reason, why the 1st of August as the day of receiving the premium, should be set forthwith precise truth. That forms no part of the contract of loan
 
 *86
 
 or forbearance, nor is requisite to measure the interest. It is simply annexed to an allegation of the payment of a sum of money on a certain contract, and, as in other cases of an alleged payment, there is no variance from the substance of it, when the payment is shewn to have been made, on a different day from that alleged, but to the amount mentioned and"for the purpose mentioned. The Court therefore holds that the plaintiff did maintain the issue on his part, notwithstanding the day, on which the defendants received the usurious interest, was different from that stated in the declaration — it appearing that the sum lent, the time of the loan, and the time for which it was forborne, are all truly alleged.
 

 It is, indeed, further insisted, that the period of the forbearance is not properly alleged in the declaration, because it extended to the 10th of May, 1841.
 
 This point
 
 is not stated in the exception, to have been taken in the Superior Court, and therefore could not be insisted on here. But it is admitted, that it was intended to be stated, and agreed that it should be considered as having been stated, and that, if the Court should find any thing in it, the exception should be amended. But the Court is ,of opinion, that the declaration states the forbearance truly, according to the evidence. For, although the defendants did not actually receive the money, into their own hands, so as to incur the penalty under the statute, until the 10th of May, there was yet, not a forbearance to that day, but the payment was exacted from the debtor on the 4th of May. The forbearance to the debtor certainly terminated with the payment by him ; which discharged his debt, and put the money beyond his control, unless it had become his again by refusal of the creditor fo receive it and his direction tothesherifftopayitback.
 

 Per Ctjiuam. • Judgment affirmed.