### J. M. STOUT *v.* DANIEL WOODY.

Where a father so acts as to render his house no longer habitable by his children, it is a desertion of them by him within the meaning of Rev. Code, c. 5, s. 1.

One who seduces away and employs the apprentice of another, is liable to the master for the value of such services during the time that he is so seduced and employed.

It is the duty of the party appealing to specify the points upon which he excepts to the ruling of the Court upon the trial below.

CASE, tried before *Cilley, J.,* at Spring Term 1868, of the Superior Court of CHATHAM.

Upon the trial, it appeared that a boy, by the name of Johnson, had been apprenticed to the plaintiff by the County Court of Chatham, at August Term 1861. There was evidence tending to show, that in 1859, the father of this boy being about to marry, as a second wife, a woman of bad character, his children applied to their mother's brother, to take them under his protection, and thereupon the latter, with the consent of the father, did so. That subsequent to such marriage he made no provision for his children, who lived about among their relatives, the father having no property, and having been discharged from his place as miller about the time of the breaking up of his family. It was also shown that the binding was done at the instance of one of the relatives above-mentioned; that after having been with his master for more than three years, the boy ran away, and went to the house of the defendant, where he remained for several months; and that the plaintiff had made a demand of him, and the defendant had refused to give him up.

There was other evidence which it is not necessary to state.

The Judge charged the jury, that if from the evidence, they were satisfied that, in consequence of any act or series of acts of the father, the children found their home no longer habitable by them, or if the father left his home and having none other to take to, they were left to the charity of their relatives, and if their relatives cared for them out of charity to them, and not in consequence of an arrangement made in their favor by the father, they would find that the father had deserted his children within the meaning of sec. 1, chap. 5, Rev. Code, and that if they found that the abandonment continued twelve months, they would find the desertion complete; that if they found that notice had been given to an uncle of the children, who was at time partially engaged in their maintenance, they would find the notice sufficient, and, if further, they found that the boy was bound by the County Court of Chatham to the plaintiff, and that the boy was afterwards, and before the expiration of his indentures, employed by Woody without the consent of the plaintiff, they would find for the plaintiff.

BEARD AND OTHERS *v.* HALL.

Verdict for the plaintiff. Rule for new trial. Rule discharged: Judgment and Appeal.

No counsel for the appellant.

*Phillips & Battle, contra.*

READE, J. The evidence is given in detail on both sides; the charge of the Judge is given in full; there is no exception on either side; the verdict is for the plaintiff, and the defendant has appealed.

This is an unusual way of presenting a case to this Court. It ought to have been presented upon exceptions to the evidence or to the charge of his Honor, specifying the errors complained of.

Under our statute, Rev. Code, c. 5, s. 1, if a father desert his family, and be absent for the term of one year, leaving them without sufficient support, his children may be bound out as apprentices. There was evidence tending to show that such was the case here.

The boy was bound to the plaintiff by the County Court, and during his term of service the defendant seduced him away and employed him for eighteen months. For the value of his services during this time the suit is brought.

It is well settled that the master of an apprentice may recover the value of the services of the apprentice from any one who may harbor or employ him.

There is no error.

PER CURIAM.                    Judgment affirmed.