WILLIAM R. BRIDGERS v. LEMUEL T. BRIDGERS.

The jurisdiction of a Justice of the Peace when necessary to be proven, being a question of law, cannot be proved by witnesses (if properly objected to), but must be determined by the Court.

A party objecting to the introduction of evidence must state with certainty the points excepted to; and if the ground stated for such objection be untenable, it is error to reject the evidence, though inadmissible if properly objected to.

(*Stout* v. *Woody*, 63 N. C. Rep. 37, cited and approved.)

CIVIL ACTION, tried before *Cloud, J.*, at the January (special) Term, 1873, of NORTHAMPTON Superior Court.

Plaintiff brought this suit to recover damages for slanderous words spoken by defendant of and concerning the plaintiff, charging him with having sworn to a lie in a certain trial before a Justice of the Peace.

On the part of the plaintiff one Bridgers Odom was introduced as a witness, who proved that he was present at the

trial of a warrant had before one Jesse Flythe, a Justice of the Peace, in which the defendant was a party, and the plaintiff here was sworn as a witness, and in speaking of the trial and examination, the slanderous words complained of were uttered by defendant. This evidence was given without objection.

The plaintiff then introduced Jesse Flythe, the Justice of the Peace, who stated that a warrant was tried before him as a Justice of the Peace, between one Daniel E. Bridgers and the defendant. He was then asked by plaintiff's counsel if the subject matter of the said warrant was within his jurisdiction ?

This evidence was objected to by the defendant upon the ground that it was secondary evidence, and that the warrant and proceedings must be produced, and parol evidence could not be given, unless it appeared that diligent search had been made, and they could not be found. This objection was sustained and the evidence rejected.

There was a verdict for the defendant and judgment accordingly. Appeal by plaintiff.

*Barnes*, for appellant :

The evidence offered and excluded by the Court, was *primary* and not *secondary.* The proposition was not to prove the *contents* of the warrant, for a warrant does not state upon its face that the Justice has jurisdiction, but it was to prove that the subject of investigation or trial was within his jurisdiction, and this might appear only upon investigation of the testimony. For instance, a warrant upon its face might claim the payment of a debt of $200, and upon the production of the note it might be for $300, and thus, upon the examination of the testimony only, would it appear that a Justice had no jurisdiction of the case. " Evidence that carries on its face no indication that

better remains behind, is not secondary but primary, and though all information must be traced to its source if possible, yet if there be several distinct sources of information of the same fact, it is not ordinarily necessary to show that they all have been exhausted before secondary evidence can be resorted to." Gren. on Ev., sec. 84.

Whether a Court has jurisdiction of a particular matter is a question of law arising upon a particular state of facts. Now, cannot the Judge of a Court who hears the evidence and decides the question of his jurisdiction as a matter of law, prove in some other proceeding had between the parties the fact that he had such jurisdiction? Can this fact be proved only by the record? It would seem that the other source of information, to wit: the evidence of the presiding Judge, would be equally conclusive, and that both kinds of evidence were primary.

There are three classes of cases in which oral cannot be substituted for written evidence :

1. Oral evidence cannot be substituted for any instrument which the law requires to be in writing.

2. Oral proof cannot be substituted for the written evidence of any contract which the parties have put in writing.

3. Oral evidence cannot be substituted for any writing, the execution of which is disputed and which is material to the issue between the parties, and is not merely the memorandum of some other fact. Green on Ev., sections 86, 87 and 88. When the writing does not fall within either of these classes, there is no ground for excluding oral evidence. Ibid. sec. 90, and the cases there cited.

If the proposition had been to prove the contents of the warrant by parol testimony, it would have been admissible, for that in this trial was a collateral question. When the contents of a paper comes collaterally in question such writing need not be produced, but parol evidence of its contents

will be received. *Pollock* v. *Wilcox*, 68 N. C. Rep. 46; Ibid. 412; *Reinhardt* v. *Potts*, 7 Ired. 403.

In an action for slander, charging the plaintiff with perjury in a particular suit, he is not bound to produce the record of that suit. *McDowell* v. *Murchison*, 1 Dev. 7. Not bound to prove that the Justice was commissioned and yet that matter is contained in a writing. *Pugh* v. *Neal*, 4 Jones 369.

*Peebles & Peebles*, contra.

READE, J. This was an action for slanderous words. The defendant had charged the plaintiff with "swearing to a lie" in a trial before a Justice of the Peace, in which plaintiff had been examined as a witness.

In order to prove that the Justice had jurisdiction, the plaintiff introduced the Justice and asked him the question: "Did you have jurisdiction of the subject matter which you were trying?"

This was objected to by the defendant, and ruled out by his Honor. Whether the question was proper, is the only point in the case.

The plaintiffs' counsel in his brief says: "Whether a Court has jurisdiction of a particular matter is a question of law, arising upon a particular state of facts." Take that to be so, and it is so, and it would seem to follow that the question was improper; because we do not prove what the law is by witnesses. Nor do we prove mixed questions of law and fact by witnesses. It would have been proper to ask the Justice what was the matter which he was trying? And he could have stated the *facts*, as, for instance, that he was trying a demand for $500, for work and labor done, and then a question of law would have arisen for his Honor to decide, whether the Justice had jurisdiction of that sum. But the plaintiff did not ask the Justice to state the facts,

but to state a conclusion of law from an unknown state of facts. This was clearly improper.

But still the question remains, ought his Honor to have rejected the evidence? He certainly ought not to have rejected it, if it was not objected to by the defendant. Nor ought he to have rejected it, although objected to by the defendant, unless the objection was put upon the proper ground. We have already seen that it was objectionable on the ground that the Justice was called upon to prove a qustion of law. But this objection was not taken by the defendant. He objected "upon the ground that it was secondary evidence, and that the warrant and proceedings ought to have been introduced." He did not object generally to the question, but he "*pointed*" his objection. And in this way he misled both the plaintiff and his Honor. *The ground* upon which he put his objection is untenable, and he must be held to that.

If the defendant had said, I object to this witness testifying as to a question of law, we may reasonably suppose that both the plaintiff and his Honor would have seen the force of the objection. And then the plaintiff could have avoided the objection by asking the witness as to the facts and leaving the law to his Honor. Or if his objection had been *general*, it might have led to the same result. But his objection was *special*, and untenable, and calculated to mislead.

In Chitty's Practice, vol. 4, p. 14, the requisites of a bill of exceptions is given: "It must state the circumstances upon which it is founded, or that a particular witness was called to prove certain facts; * * * the allegation of counsel on the admissibility or effect of the evidence, the opinion of the Judge and the exception of counsel to that opinion and the verdict." And it is further said "where the object for which evidence is offered, but rejected, is obvious, and must have been understood by the Judge

and jury, it is not necessary that that object should be specially stated." And in Cowen & Hil'ls Notes to Phillips on Evidence, p. 778, it is said that the exception must be " so specific as to point to the precise error intended to be relied on, for the Court is not bound to do more than respond to the motion of objection made. They are under no obligations to modify the propositions of counsel so as to make them suit the case, but may dispose of them in the terms in which they are propounded." And again, it is said " the party excepting must lay his finger on those points," &c. And in *Stout* v. *Woody*, 63 N. C. Rep. 37, it is said that exceptions must " *specify* the errors complained of."

The same principle permeates all the pleadings and proceedings in the administration of justice.

There must be *certainty.* Every thing that is calculated to mislead, or is obscure, is bad.

There is error.

PER CURIAM.                                    *Venire de novo.*