MARY E. ROBERTS v. W. P. ROBERTS and others.

*Evidence—Conversation.*

Where a part of the conversation between a witness and one deceased is called out by the defendant on cross-examination, the plaintiff is entitled to all that was said in that conversation pertaining to the same subject matter of inquiry.

(*Bridgers* v. *Bridgers*, 69 N. C., 451 ; *Straus* v. *Beardsley*, 79 N. C., 59 ; *Cabiness* v. *Martin*, 4 Dev., 106 ; *Overman* v. *Coble*, 13 Ired., 1, cited and approved.)

SPECIAL PROCEEDING for dower commenced in the probate court of Chowan county, and removed to and tried at Spring Term, 1880, of WASHINGTON Superior Court, before *Graves, J.*

The plaintiff, Mary E. Roberts, widow of John Roberts, deceased, instituted this proceeding for dower against the defendants, the heirs at law of said deceased. The following issue was raised by the pleadings—Was John Roberts seized in fee simple of the " Long Lane farm " during his coverture with Mary E. Roberts? and was duly certified to the superior court for trial by a jury, and by consent the case was removed to Washington county for trial.

The defendants claimed title to the land in dispute as heirs of Mills Roberts, deceased, from whom the plaintiff claimed that John Roberts had received it by deed of gift in fee simple. No deed from Mills Roberts to John Roberts was found at his death or offered in evidence, and upon proof of loss, secondary evidence of its contents was admitted.

On the trial of the issue, H. A. Gilliam, an attorney of long standing, was introduced as a witness for the plaintiff, and testified that after the death of Mills Robert, John Roberts exhibited to him a deed from Mills for the said

farm; that he was indistinct in his recollection as to the date of the deed, but thought it was 1867, and that it conveyed by apt words of conveyance the said land to John Roberts in fee simple, the words being to have and to hold the Long Lane farm unto him John Roberts, his heirs and assigns forever. On cross-examination, witness said that he was consulted by John Roberts as to whether he could claim any interest in his father's estate without surrendering his interest in the said farm, already received from his father, and that he examined the deed in order that he might properly advise on that point, and finding that the deed was for love and affection and one dollar, he advised John Roberts that he could claim no interest in his father's estate, unless he surrendered his interest in said farm and other property which his father had given him. The witness proceeded to say, without any other question asked him by defendants, that he knew nothing of the value of the property received by said John from his father, but that John said "he had more than a child's part and should claim no interest in the estate." It was in evidence that John had received other property by gift from his father, and that he claimed and received no interest in said estate. Upon the re-direct examination, this question was asked the witness by the plaintiff—"In estimating his interest in the Long Lane farm relative to his interest and right in his father's estate, upon what did John Roberts base his calculation?" The question was objected to, objection sustained, and the plaintiff excepted. There were several other questions asked bearing on the same point, all of which upon objection by defendants were ruled out. The question was then asked the witness—"what was said by John Roberts in your conversation with him?"—objected to by defendants, ruled out by the court, and plaintiff excepted, upon the ground that the witness having stated part of the conversation between him and John Roberts, the plaintiff was

entitled to the whole conversation. The evidence of this conversation was offered to corroborate the testimony of the witness in regard to the question whether the deed conveyed a fee simple or not. Another witness testified that he had seen the deed and that it conveyed only an estate for the natural life of John Roberts.

Verdict and judgment for defendants, appeal by plaintiff.

No counsel for plaintiff.
*Messrs. E. G. Haywood* and *Oct. Coke*, for defendants.

ASHE, J., after stating the case. The main exception taken in the court below which it becomes necessary for us to consider on the appeal, is, whether there was error in the ruling of His Honor in excluding the question propounded by the plaintiff—"what was said by John Roberts in your conversation with him"? The objection taken to this evidence was, that the proposition of the plaintiff was too broad, and should have set out what was proposed to be proved that the court might see its relevancy. This no doubt as a general proposition is correct. *Bridgers* v. *Bridgers*, 69 N. C., 451 ; *Straus* v. *Beardsley*, 79 N. C., 59 ; *Overman* v. *Coble*, 13 Ired. 1.

But this case is distinguished from those. Here, a part of the conversation between the witness and John Roberts was called out by the defendants on the cross-examination. The plaintiff was entitled to all that was said in that conversation pertaining to the subject of inquiry. 1 Tay. Ev. §685 ; Greenl. Ev. §201, 205; *Cabiness* v. *Martin*, 4 Dev., 106. The matter brought out on the cross-examination was "that John said he had more than a child's part and should claim no interest in his father's estate". It was then a pertinent inquiry in this connection, what was said by John, if anything, in regard to the value of the land given him by his father ; and if anything was said by him in this conversa-

tion with the witness, the plaintiff was entitled to it. The question it is true is very broad, and standing by itself would have been inadmissible. But its object and bearing upon the subject of inquiry are clearly shown by the questions propounded by the plaintiff, which had just preceded and were rejected by the court. In getting at the meaning and relevancy of the question, it must be construed in connection with them; and by doing so, we think the matter sought to be proved by calling out the whole of the conversation, is sufficiently suggestive for this court to be able to judge of the propriety of its rejection.

We are of the opinion the evidence should have been received. There is error. Let this be certified to the superior court of Washington county that a *venire de novo* may be awarded.

Error.                                          *Venire de novo.*