STATE v. CEPHAS KEMP and another.

*Fornication and Adultery—Evidence.*

In fornication and adultery, proof of acts anterior to the time in which the adultery is alleged to have been committed, may be made in corroboration of evidence of other acts of like nature within the time.

(*State* v. *Parish*, Busb., 239 ; *State* v. *Secrest*, 80 N. C., 450; *Gidney* v. *Moore*, 86 N. C., 484; *Bridgers* v. *Bridgers*, 69 N. C., 451, cited and approved.)

INDICTMENT for fornication and adultery, tried at Spring Term, 1882, of NASH Superior Court, before *Gilmer, J.*

*Attorney General,* for the State.
No counsel for the defendant.

SMITH, C. J.  The defendants (Cephas Kemp and Kate

Kemp) are charged with committing the offense of fornication and adultery, and upon trial of plea of not guilty, were convicted. From the judgment rendered against the defendant, Cephas, he alone appeals. Such is the statement in the record, while the accompanying case and the recital in the undertaking on appeal show that the appeal was taken by both.

Among the proofs of illicit sexual relations maintained between the parties during the two years preceding the finding of the grand jury, and in corroboration, the state was allowed, after objection made by the defendants and overruled, to show that, before fall term, 1877, of the court at which an indictment for the same offence had been preferred, and of which the defendants afterwards on their trial were acquitted, " the children of the female defendant had been heard in her presence to call the male defendant papa." The exception to the admission of this evidence raises the only question to be considered by us.

It is not stated upon what grounds the introduction of the testimony is resisted, and consequently any valid objection may be assigned in this court. *State* v. *Parish*, Busb., 239; *State* v. *Secrest*, 80 N. C., 450; *Gidney* v. *Moore*, 86 N. C., 484.

It is always more satisfactory to us, and in fairness it is due to the judge, that he may make an intelligent ruling upon the point, that the grounds of objection should be stated when the objection is made to the reception of evidence; and in such case, our review would be confined to the legal sufficiency of the grounds assigned for the exclusion. *Bridges* v. *Bridges*, 69 N. C., 451; *Gidney* v. *Moore*, *supra*. In the latter case it is said, " that the ground of exception is to be deemed on appeal a part of the exception itself." No counsel has appeared for the appellant in this court, and we discover but two grounds on which the objection rests, and these are in substance one and the same:

STATE *v.* KEMP.

1. The language used by the children in addressing the male defendant, testified to by the witness, ante-dated the finding of the first bill, and the acquittal precludes an inquiry into the alleged unlawful relations preceding that time; and

2. The inquiry should be restricted to acts done during the two years next before the action of the grand jury upon the present indictment.

It is true the imputed offence must have been committed within this limited interval in order to a conviction, and of this, evidence has been offered. The word used by the children in addressing one supposed parent in the presence of the other, tends to show an admission of their paternity by both. The evidence indicates habitual illicit relations extending back to the time when the oldest child was begotten, and certainly sheds light upon their present relations if kept up. The acquittal at most establishes their interruption or suspension during the interval to which the first prosecution was confined; but admitted continuous unlawful intercourse before, tends to confirm evidence of its resumption and renewal since.

" When the fact of adultery is alleged to have been committed within a limited period of time," remarks Mr. Greenleaf, " it is not necessary that the evidence be confined to that period, and proofs of acts anterior to the time alleged may be adduced in explanation of other acts of the like nature within that period. Thus, where the statute of limitations was pleaded, the plaintiff was permitted to begin with proof of acts of adultery more than six years preceding, as explanatory of acts of indecent familiarity within the time alleged." 2 Greenl. Ev., § 47.

No error.                             Affirmed.