J. T. PETTIFORD v. ARTHUR MAYO, Administrator of W. H. SIMMONS.

*Trial—Evidence—Testimony of Facts Raising Conjecture Only.*

1. While, in the trial of an issue, no fact or circumstance from which an inference as to the truth of the matter, in dispute, can be drawn, ought to be excluded from the consideration of the jury; yet such facts and circumstances as raise only a conjecture or suspicion ought not to be admitted to distract the attention of the jury or to consume the time of the court.

2. In the trial of an issue as to the execution of a note by the intestate of defendant, testimony that the deceased was a man of property and had money lent out when he died was properly withdrawn from the consideration of the jury.

3. In the trial of an issue as to the execution of a note by the intestate of defendant, evidence that the deceased declared on his death bed that he was going to die and did not owe a cent in the world was properly excluded.

CIVIL ACTION for recovery on a promissory note alleged to have been executed by W. H. Simmons, the intestate of defendant, tried before *Boykin, J.*, and a jury, at June Term 1895, of WASHINGTON Superior Court. The only issue submitted was "Did W. H. Simmons execute the note sued

on." There was verdict for the plaintiff and defendant appealed from a judgment thereon.

The facts sufficiently appear in the opinion of Associate Justice MONTGOMERY.

*Mr. W. B. Rodman*, for plaintiff.
*Mr. J. H. Small*, for defendent (appellant).

MONTGOMERY, J.: The defendant denied that his intestate executed the note sued on, and a single issue was submitted to the jury on that point. The plaintiff introduced a witness who testified to the execution of the note by the defendant's intestate and who also testified, on his cross-examination, that the maker was a "man of property, had a good farm and lent money at times." A witness for the defendant testified that the intestate was worth between three and four thousand dollars and had twenty five hundred dollars loaned out when he died. The court afterwards withdrew this testimony from the jury and instructed them not to consider it and the defendant excepted and appealed. No fact or circumstances in any way connected with the matter in issue or from which any inference of the disputed fact can reasonably be drawn, ought to be excluded from the consideration of the jury. On the other hand such facts and circumstances as raise only a conjecture or suspicion ought not to be allowed to distract the attention of juries from material matters; besides, such a proceeding is a waste of time and a cause of expense. Was the testimony excluded calculated to enable the jury to decide the issue presented? Did it throw any light on the fact to be determined—the execution of the note? Did it have any reasonable tendency to disprove its execution? We do not see how it could have had such effect. Can it be true that the allegation that a man of property had

Pettiford v. Mayo.

borrowed money carries with it an idea so inconsistent with the relations of practical business life as to furnish proof, in itself, of the act not having been done? We cannot think so; it does not even carry with it a serious suspicion. In the course of human experience it not infrequently happens that prosperous prudent men have not ready money to answer present needs, and borrow on that account. It is, to say the least, not unreasonable to infer that such was the situation of defendant's intestate at the time the note was alleged to have been executed. There was no proof offered to show that at any time, from the alleged execution to his death, the intestate had money on hand, idle. This Court said in *Brown* v. *Kinsey*, 81 N. C., 245, that "The rule is well settled that if there be no evidence or if the evidence be so slight as not reasonably to warrant the inference of the fact in issue or furnish more than material for a mere conjecture, the court will not leave the issue to be passed on by the jury." There was no error in the withdrawal and exclusion of the testimony by his Honor.

There was another exception raised on the trial, but not insisted on here in the appellant's brief. It is this: The defendent offered to prove that the intestate on his death bed said that he 'was going to die and that he did not owe a cent in the world.' The court excludnd the testimony on the plaintiff's objection. There can be no doubt that his Honor was right in so ruling. There is no error in the action of the court below.

Affirmed.