F. F. BAYNES ET AL. v. R. N. HARRIS.

(Filed 7 November, 1912.)

1. Compromise—Admissions—Evidence.
    A distinct admission of an independent fact during an attempt to compromise is admissible in evidence, though an offer made for the purpose of effecting a settlement is not.

2. Appeal and Error—Evidence—Harmless Error.
    A new trial will not be granted on appeal for the refusal of the trial judge to admit competent and material evidence, when it appears that substantially the same evidence ruled out was thereafter given by the same witness.

3. Deeds and Conveyances — Equity — Reformation—Material Mistake.
    When, without indication of fraud or imposition, a deed to lands is sought to be reformed for mistake, upon the ground that more timber had been bought than that contained in the boundaries described, the misapprehension of the grantee, alone, is insufficient, for the mistake must be mutual to both parties for the application of the equitable doctrine of reformation.

APPEAL by plaintiffs from *Carter, J.,* at April Term, 1912, of GUILFORD.

Civil action to correct and reform a deed.

This issue was submitted without objection: "Did plaintiffs contract to purchase of defendant the land described in article 1 of the complaint? Answer: No."

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Sapp & Williams, Morehead & Morehead for plaintiffs.*
*A. L. Brooks, C. A. Hall for defendant.*

BROWN, J. This action was prosecuted by plaintiffs to correct and reform a deed executed by defendant to plaintiffs, the latter alleging that the instrument did not include all the land purchased by plaintiffs from defendant, and paid for, and that a part of the land was omitted either by mutual mistake of both parties to the deed or by the mistake of the plaintiffs and the fraud of defendant.

There are only two assignments of error: one to evidence and one to the charge of the court. We do not think either can be sustained.

The court excluded a certain declaration of the defendant to witness Medearis, to the effect that defendant told Medearis that he had made a mistake in representing the "amount of this land." The court excluded it upon the ground that the evidence of Medearis showed the alleged statement was made during compromise negotiations.

We are not inclined to agree with his Honor's ruling, as a distinct admission of an independent fact during an attempt to compromise may be given in evidence, though an offer made for the purpose of effecting a settlement cannot be, and the reason for the distinction is very plain. *Hamblett v. Hamblett,* 6 N. H., 333; *Eastman v. Manufacturing Co.,* 82 Am. Dec., 205.

Our Court has held that "An offer to compromise is inadmissible as evidence, yet admissions of facts made in the same conversation are. And there is no doubt that such admissions are competent evidence when made to one whom the party knows has no authority to compromise." *Daniel v. Wilkerson,* 35 N. C., 330.

But we do not deem it proper to grant a new trial for such alleged error, as the plaintiffs received the full benefit of such evidence later on without objection, when Medearis testified in reference to the same conversation in substance that defendant Harris said he sold Mr. Baynes more than he deeded.

The plaintiff excepted to that part of his Honor's instructions in which he said: "Now, the court charges you, as a matter of law, that if there was no definite representation as to a larger area of land, upon which representations the minds of the parties met and upon which they contracted, that a mere mistake by the defendant as to the area of his land would not authorize you to find that there was a contract for a larger area."

The plaintiffs admit in their evidence that they can read, and did read the deed, and that they "got all of the land the deed called for, but not all they bought." The defendant denies that he contracted to sell any more than the deed conveys. That was the clear-cut issue of fact submitted to the jury, and it was decided adversely to the plaintiffs.

The deed could not be reformed because the plaintiffs alone misunderstood what they were purchasing.

It is too well settled by this Court to require the citation of authorities that a court cannot make for parties a contract which they did not make, and did not intend to make, for themselves; and that to reform an instrument on the ground of mistake, the mistake must be mutual to both parties; and when the mistake is made by one party only, there can be no ratification or correction to the contrary, in the absence of fraud and imposition upon the part of the other. Kerr on Mistake, sec. 72, p. 146.

"Reformation of a deed on the ground of a mistake in the description cannot be had unless the mistake was common to all parties thereto." *Land v. Bond,* 154 Mass., 354.

In *Elks v. Insurance Co.,* 159 N. C., 619, *Justice Allen,* speaking for the Court, says: "It is elementary that it is necessary that the minds of the parties meet upon a definite proposition. There is no contract unless the parties thereto assent, and they must assent to the same thing in the same sense. A contract requires the assent of the parties to an agreement, and this agreement must be obligatory, and, as we have seen, the obligation must in general be mutual." 1 Pars. Con., 475. See, also, 34 Cyc., pp. 910 and 915, where all the authorities are collected.

The mistake of the plaintiffs in this case, if made, is unilateral, and does not entitle them, in view of the finding of the jury, to a reformation of the deed.

No error.