IN RE WILL OF JOSEPH CLODFELTER.

(Filed 26 April, 1916.)

**1. Evidence—Depositions—Exhibits, Detached—Proof.**

While it is customary, and the better practice, to attach to a deposition a paper-writing therein referred to, or, if there are more than one deposition, to attach it to one and identify it by reference in the others, and in case the writing is a matter of record or in the custody of the court, over which the parties have no control, to attach an exemplified copy, it is not required by our statutes that the writing be so attached, and when this has not been done, the fact of identity may be proved as any other fact in evidence.

**2. Same—Wills.**

Depositions were taken in proceedings to caveat a will, referring to a paper-writing which was not attached. *Held*, competent for the commissioner to identify the paper-writing as a part of the deposition.

**3. Evidence—Compromise—Denials.**

In an action to caveat a will a caveator, a witness in his own behalf, testified that the propounder and devisee had acknowledged that the writing set up as a valid will was not genuine, and offered to compromise the matter. *Held*, competent for the propounder to deny this statement and testify to the full conversation he had had with the caveator relating to the subject-matter, and say that the offer to compromise came from the caveator.

CIVIL ACTION tried before *Justice, J.,* and a jury, at November Term, 1915, of DAVIDSON.

This is an appeal from a judgment rendered upon the trial of an issue of *devisavit vel non,* which was decided against the caveators.

The will was probated in common form, and thereafter the caveat was filed, and the issue raised was tried in the Superior Court.

On the trial the deposition of L. N. Mock was introduced, in which he testified that he was acquainted with the handwriting of Joseph Clodfelter, and that a paper-writing shown to him, including the signature, was in his handwriting. The paper was not attached to the deposition nor was it marked as an exhibit.

The propounders introduced the commissioner who took the deposition, and proved by him that the paper shown to the witness was the same paper offered for probate as the will of Joseph Clodfelter, and the caveators excepted.

J. A. Clodfelter, one of the caveators, was examined as a witness, and, among other things, testified to a conversation with Isaac Clodfelter, the propounder and devisee. He said that the propounder made several propositions for settlement of the controversy, and that he admitted that the paper-writing he was offering for probate was not a valid will.

Isaac Clodfelter was then introduced as a witness. He admitted having a conversation with J. A. Clodfelter, but denied having the con-

versation as detailed by him. He then stated the conversation in detail and, among other things, that J. A. Clodfelter said in the conversation that if he (Isaac Clodfelter) would pay some money they would compromise everything. The caveators excepted upon the ground that the witness could not speak of an offer of compromise.

*Walser & Walser and McCrary & McCrary for propounders.*
*Raper & Raper and Gilbert T. Stephenson for caveators.*

ALLEN, J. It is the customary practice, when a paper-writing is referred to in a deposition, to attach the writing to the deposition as an exhibit, or, if two or more depositions are taken referring to the same writing, to attach to one and to identify it in the other by reference, or if the paper is one over which the parties have no control, as in the case of a record or of a paper in the custody of a court, to attach an exemplified copy (Thompson on Trials, sec. 825), and this is the safer and better rule, as it lessens the opportunity for deception and fraud; but in the absence of statutory regulation this is not the only means of identifying the paper.

The section cited from Thompson on Trials concludes with the statement: "Moreover, it has been said that where papers alleged to have been exhibited to the witness at the giving of his deposition are not sufficiently identified by the officer, they may be identified by parol evidence," and this language is almost identical with that used in Weeks on Depositions, sec. 358, except in the latter it is stated as a positive rule of evidence.

In *Dailey v. Green,* 15 Pa. St., 127, *Bell, J.,* discussing the identification of a paper referred to in a deposition, says: "We have the testimony of Green, who was present, that the papers thus referred to are those which were exhibited to the witness. I am at a loss to comprehend why, under the circumstances, parol evidence is not admissible to prove the fact."

With us there is no statute requiring exhibits to be attached to the deposition, as there is in some States, and in the absence of such provision the fact of identity may be proved as any other fact in issue.

The paper exhibited to the witness in this case could not have been attached to the deposition, if it was the paper offered for probate, because in that event it had been probated in common form and was on file in the clerk's office as required by Revisal, sec. 3129, and the witness who identified the paper was the commissioner, who was disinterested.

It also appears that the caveators were represented at the taking of the deposition, and that they offered no evidence tending to contradict the commissioner.

34—171

The case of *Jones v. Herndon*, 29 N. C., 79, while not directly in point, is authority for the position that it is not indispensable to attach the paper to the deposition as an exhibit.

We therefore conclude that the evidence as to the identification of the paper was competent.

It is true, as contended by the caveators, that offers of compromise cannot generally be given in evidence (*Hughes v. Boone*, 102 N. C., 137), although it is competent to prove distinct admissions of fact made in the course of an effort to reach a settlement (*Baynes v. Harris*, 160 N. C., 307), but the evidence of Isaac Clodfelter objected to by the caveators does not come within these principles.

J. A. Clodfelter testified for the caveators to a conversation with Isaac Clodfelter to the effect that the latter admitted that the paper he was offering for probate was not a valid will, and that he made various offers of settlement, and Isaac Clodfelter was then introduced for the propounders, not to prove an offer of compromise, but to relate his version of the conversation, and he had a right to tell all that was said relating to the subject-matter. *Paine v. Roberts*, 82 N. C., 453; *Roberts v. Roberts*, 85 N. C., 9; *Gilmore v. Gilmore*, 86 N. C., 303.

If the caveator could say that the propounder offered to settle, why could not the propounder say, in reply, "No; you offered to settle or compromise"?

No error.