W. P. CONNOR v. FLEMING BROTHERS LUMBER & MANUFACTURING COMPANY, Inc., and GEO. W. FLEMING.

(Filed 10 April, 1929.)

**1. Trial G b—Verdict in this case held not inconsistent.**

A verdict in an action against a corporation and individually against its president that the defendant corporation was answerable in damages for breach of plaintiff's contract of employment and that the plaintiff's mortgage for moneys loaned by the individual defendant was subject to be foreclosed is not objectionable as inconsistent.

**2. Evidence D a—Evidence not related to matters in controversy properly excluded.**

Letters that do not relate to the matters in controversy are properly excluded as evidence.

**3. Same—Conversation that is evidence of indebtedness competent in foreclosure action.**

Where the plaintiff seeks to enjoin the foreclosure of a mortgage, a conversation between himself and defendant that is evidence of the indebtedness that plaintiff denies, is competent.

**4. New Trial B g—New trial will not be granted where newly discovered evidence would not tend to change result.**

A motion for a new trial will not be granted where the newly discovered evidence is not material to the answer to the issue and its consideration would not tend to vary the result.

Appeal by plaintiff from *Sinclair, J.,* at June Term, 1928, of New Hanover. No error.

Action to recover of defendant corporation damages for the wrongful discharge of plaintiff from its employment, in breach of the contract of said employment, and to restrain the foreclosure of a mortgage executed by plaintiff to the defendant, Geo. W. Fleming.

Plaintiff alleges that the mortgage is void, for that he was not indebted to the said Geo. W. Fleming, as recited therein, at the date of its execution; and that the execution of said mortgage and of the notes secured thereby were procured by the fraud of the said Geo. W. Fleming.

From judgment on the verdict, plaintiff appealed to the Supreme Court.

*Isaac C. Wright for plaintiff.*
*Butler & Butler for defendants.*

Per Curiam. The jury, by its answer to the first issue, found that the defendant corporation did not enter into the contract with plaintiff, with respect to the terms of his employment, as alleged in the complaint.

CONNOR *v.* MANUFACTURING COMPANY.

It found, however, by its answer to the third issue, that plaintiff was wrongfully discharged by said defendant from its employment and assessed his damages at $200.00. The defendant corporation did not except to or appeal from the judgment that plaintiff recover of it the sum of $200.00. The jury, evidently found that plaintiff was employed by said defendant, by the year and not by the month, at the date of his discharge, as alleged by said defendant. Upon these findings of fact, the verdict is not inconsistent.

Plaintiff was employed by Geo. W. Fleming, acting as president of the defendant corporation. Upon the allegations of the complaint, and the evidence offered at the trial, the effect of the jury's answer to the first issue, was that the jury found that said Geo. W. Fleming did not enter into the contract with plaintiff, as alleged in the complaint, either officially or individually, and that, therefore, the money advanced for the purchase of the house and lot in Wilmington, N. C., for plaintiff was advanced by him, out of his own funds, and not out of the funds of the corporation as a loan to plaintiff. Plaintiff is, therefore, indebted to the defendant, Geo. W. Fleming, as found by the jury, and not to the corporation. This indebtedness was evidenced by plaintiff's notes, payable to the order of Geo. W. Fleming, and secured by mortgage to him. The notes are now past due and unpaid. There is no error in the judgment that defendant, Geo. W. Fleming recover of plaintiff the amount due on the notes, or in the decree for the foreclosure of the mortgage. There was no evidence to sustain the allegation in the complaint that the execution of the notes and mortgage was procured by fraud.

It was not error to exclude the letter written by a representative of the corporation to plaintiff, in 1921, offered in evidence by plaintiff. This letter had no probative value as to the matters in controversy. It tended only to show that plaintiff was then in the employment of the corporation, and that his services were satisfactory. These matters were not in controversy. They were admitted.

Nor was it error to overrule plaintiff's objection to the testimony of Geo. W. Fleming, with respect to a conversation between him and plaintiff. This testimony did not tend to show an offer of compromise. It tended to show plaintiff's willingness to surrender the house and lot to Geo. W. Fleming, the mortgagee. It was competent as evidence of the fact of plaintiff's indebtedness to Geo. W. Fleming, as evidenced by the notes and mortgage, and contradicted the testimony of plaintiff with respect to said notes and mortgage. *In re Clodfelter's Will,* 171 N. C., 528, 88 S. E., 625; *Baynes v. Harris,* 160 N. C., 307, 76 S. E., 230; *Daniel v. Wilkerson,* 35 N. C., 329.

Plaintiff's motion for a new trial, upon the ground of newly dis-
covered evidence, first made in this Court, is denied. It is immaterial
whether Geo. W. Fleming advanced the money for the purchase of the
house and lot for plaintiff by his individual check or by the check of
the corporation of which he is president. The weight of the evidence
sustains his contention that the advancement was made by Geo. W.
Fleming, individually, and not by him, as president of the corporation,
in its behalf. It is doubtful whether, upon a new trial, the newly dis-
covered evidence, would cause a different result from that of which
plaintiff now complains. *Alexander v. Richmond Cedar Works,* 177
N. C., 536, 98 S. E., 780. The judgment is affirmed. We find
   No error.