J. S. CORUM, Administrator of the Estate of ROBERT M. CORUM, Deceased; MARY M. CORUM, Administratrix d.b.n. of Estate of ROBERT M. CORUM, Deceased, Substitute Plaintiff v. JOHN WILLIAM COMER, CLYDE THOMAS GILLEY and HARDIN LEE GILLEY.

(Filed 12 January, 1962.)

**1. Evidence § 15—**

In order to be relevant, evidence must have some tendency to prove or disprove a fact in issue, and evidence which is merely conjectural or remote, or has no tendency except to invite prejudice, ought not to be admitted and thus distract the attention of the jury from the material matters involved.

**2. Evidence § 16; Automobiles §§ 37, 38—**

Evidence that a defendant drove at an unlawful speed or engaged in a speed competition at a different time and place than the occasion in suit, in order to be admissible must be accompanied by evidence from which the jury may reasonably infer that the speed or race continued to the scene of the accident, nor may the admission of such evidence be upheld as tending to show identity, proximity, or knowledge when there is no controversy as to the identity of the drivers or the place of the accident.

APPEAL by John William Comer and Clyde Thomas Gilley from *Sink, E.J.*, April 1961 Term, ROCKINGHAM Superior Court.

The plaintiff alleged her intestate, Robert M. Corum, was killed in a rear-end automobile collision on the night of September 20, 1958, near Reidsville. The intestate, a guest passenger in a 1957 Ford automobile driven north by the defendant Clyde Thomas Gilley, sustained fatal injuries when the Ford crashed into the rear of a 1956 Oldsmobile, also driven north by the defendant John William Comer. At the time of the collision Comer slowed down, attempting to cross the west traffic lane and enter a private driveway into his home. The plaintiff alleged the defendant Comer was negligent by driving at a dangerous speed and by applying his brakes, causing his vehicle to slow down or stop suddenly, without giving any sign or warning of his intention to reduce speed or to cross to his left. The defendant Gilley was negligent by driving too fast and following too closely behind the Oldsmobile, and without having his Ford under proper control; that the joint and concurrent negligence of both drivers was the proximate cause of the fatal accident.

The plaintiff also alleged Clyde Thomas Gilley was operating the Ford as the agent of Hardin Lee Gilley, the owner. However, the jury answered the issue of agency against the plaintiff's contention. From the judgment dismissing the action as to Hardin Lee Gilley, there was no appeal.

The defendants filed separate answers. Comer admitted he was driving the Oldsmobile and Gilley admitted he was driving the Ford at the time the collision occurred. However, each for himself denied negligence and by affirmative defense alleged the other's negligence was the sole proximate cause of the accident. Each alleged a cross action for contribution against the other. Only the evidence pertinent to the question raised on this appeal will be discussed in the opinion.

The jury found both defendants negligent and assessed damages at $18,000. From judgment on the verdict, the defendants appealed.

*Gwyn & Gwyn, By Julius J. Gwyn for plaintiff appellee.*

*Sapp & Sapp, By Armistead W. Sapp, Jr., for defendant Clyde Thomas Gilley, appellant.*

*Brown, Scurry, McMichael & Griffin, By Claude S. Scurry, Jule McMichael for defendant Comer, appellant.*

HIGGINS, J. The evidence disclosed the accident occurred about 12:35 a.m., three miles north of Reidsville on Highway 87. The appellant Comer left Big Oaks Restaurant to go to his home, a distance of about 1,500 feet, to secure hunting equipment for use the following day. Appellant Gilley, with plaintiff's intestate as a guest passenger, followed. A distance of approximately 250 feet separated the vehicles at the time Gilley left the parking place at the restaurant. The two vehicles and both drivers had been at the restaurant for approximately 20 minutes before Comer started home.

The plaintiff offered, and the court admitted, over objection, evidence tending to show a racing contest at a speed estimated at 60 miles per hour between the vehicles operated by the defendants prior to the time they stopped at the restaurant. If a contest took place, it was concluded at least 20 minutes before Comer left for home. In offering the testimony with respect to racing, plaintiff's counsel stated: "This evidence is not offered as evidence of how fast they were traveling at the time, or in the manner in which operated, but for the purpose of establishing identity, proximity, and knowledge."

Apparently referring to the foregoing evidence, the court charged: "The plaintiff alleges that on this occasion the two automobiles left the vicinity of Reidsville traveling westward (northward) and left in a manner, the plaintiff alleges, that should cause you to find by the greater weight of the evidence that they were racing." Apparently the court, in saying, "the plaintiff alleges," meant to say, "the plaintiff contends." The complaint does not contain any allegation the defendants were racing.

The evidence of racing was inadmissible as too remote. The charge

served to emphasize its harmful effect. The plaintiff based her cause of action on the following tortious conduct: (1) Comer's stopping, or attempting to stop without giving Gilley notice in time to avoid the collision; and (2) Gilley's following too closely and so speedily that he could not stop in the reaction time allowed.

As a general rule, evidence, to be admissible, must have some bearing on the issues involved. It must tend to prove or disprove some fact material to the cause of action alleged, or to the defense interposed. This is so for very sound reason. " . . . such facts and circumstances as raise only a conjecture or suspicion ought not to be allowed to distract the attention of juries from material matters." *Pettiford v. Mayo,* 117 N.C. 27, 23 S.E. 252. "All the authorities are agreed that if the evidence is merely conjectural or is remote, or has no tendency except to excite prejudice, it should be rejected, because the reception of such evidence would unduly prolong the trial of causes, and would probably confuse and mislead the jury, . . ." *Bank v. Stack,* 179 N.C. 514, 103 S.E. 6; *Godfrey v. Power Co.,* 190 N.C. 24, 128 S.E. 485; *Connor v. Manufacturing Co.,* 197 N.C. 66, 147 S.E. 672; *Wilson v. Ervin,* 227 N.C. 396, 42 S.E. 2d 468; *Glass v. Ice Cream Co.,* 214 Iowa 825, 243 N.W. 352; *Whitfield v. Loveless,* 1 Tenn. App. 377. The rule is succinctly stated in *Ramp v. Osborne,* 115 Ore. 672, 239 P. 112: "The question is the negligence of the offending party at the time and place of the accident. It does not necessarily follow that a defendant is negligent at a particular time and place because he was negligent at some other place and at a different time."

The cases generally hold that to be admissible, evidence of speed at a former time and at a different place from the scene of the accident must be accompanied by evidence from which the jury may reasonably infer the speed or race continued to the scene of the accident. *Brown v. Thayer,* 212 Mass. 392, 99 N.E. 237; *Jones v. Northwestern Auto Supply Co.,* 93 Mont. 224, 18 P. 2d 305; *Barnes v. Teer,* 218 N.C. 122, 10 S.E. 2d 614, and on rehearing, 219 N.C. 823, 15 S.E. 2d 379; *Queen City Coach Co. v. Lee,* 218 N.C. 320, 11 S.E. 2d 341; *Charnock v. Refrigerating Co.,* 202 N.C. 105, 161 S.E. 707.

Plaintiff's counsel, realizing the evidence of racing might present a foreign issue, sought to limit the purpose to "identity, proximity, and knowledge." Neither was an issue in the case. Each appellant admitted, by answer, he was the driver of one of the vehicles involved. The place of the accident was not in dispute. The investigating officer testified to the point of impact, the debris, the skidmarks, the damage to the vehicles, and their position at the scene. Both defendants lived nearby. They were familiar with the road. The evidence of racing injected a collateral issue not raised by the pleadings.

Racing on the highway is highly dangerous. It is condemned both by statute and by public opinion. So general and pronounced is this view that any evidence of racing, though disassociated from the accident, is calculated to have prejudicial effect. For the error in admitting such evidence in this case, the defendants are awarded a

New trial.