THERESA ANNETTE ADKINS by her next friend H. B. ADKINS,
PLAINTIFF v. ELMAN DEAN DILLS, Defendant.

(Filed 18 September 1963.)

**Automobiles § 38—**

Testimony as to speed of plaintiff's car some one-half mile before reaching the intersection at which the accident occurred *held* not too remote under the circumstances of this case.

APPEAL by plaintiff from *Martin, Special Judge,* April 29, 1963, Special Session of BUNCOMBE.

On Saturday, March 24, 1962, about 5:00 p.m., in Buncombe County, at the intersection of Enka Lake Road and Queen Road, there was a collision between a 1959 Ford owned and operated by H. B. Adkins, plaintiff's father and next friend, and a 1947 Chevrolet owned and operated by defendant. Both drivers approached said intersection on Enka Lake Road, Adkins going west and defendant going east.

Plaintiff, then nine years old, was a passenger in her father's car and sustained personal injuries as a result of said collision.

The complaint alleged the collision and plaintiff's injuries were proximately caused by the negligence of defendant and the allegations included, as elements of damage, hospital, nurse, medical and dental expenses incurred in the treatment of plaintiff's injuries.

Answering, defendant denied negligence and alleged the collision and plaintiff's injuries were caused solely by the negligence of Adkins, plaintiff's father and next friend. Conditionally, defendant pleaded the contributory negligence of Adkins in bar of plaintiff's right to recover for the expenses incurred in the treatment of her injuries. Defendant also asserted a cross action against Clifton Adkins, who was joined as an additional party, alleging that H. B. Adkins, operating said Ford, and his brother, Clifton Adkins, operating a Buick, were driving at dangerous and excessive rates of speed and were racing as they traveled west on Enka Lake Road toward said intersection; that the negligence of H. B. Adkins was imputable to Clifton Adkins; and prayed that "in the event this defendant is adjudged liable in any way . . . this defendant have and recover contribution from CLIFTON ADKINS, as by law provided."

Clifton Adkins, answering said cross complaint, denied all allegations as to negligence on his part. At trial, Clifton Adkins' motion for judgment of nonsuit was allowed. He is not a party to this appeal.

Plaintiff's evidence tended to show defendant's car, when first observed by Adkins, was "sitting still" on the south side (defendant's

right) of Enka Lake Road; that Adkins was then 150 feet from said intersection; that, when Adkins was 75 feet from said intersection, defendant, without giving any signal or other indication of his intention to do so, turned left (to enter Queen Road) across Adkins' lane of travel at a speed of "about five miles per hour"; and that under these circumstances Adkins could not avoid the collision. Defendant's evidence tended to show defendant, after giving proper signal of his intention to do so, stopped upon reaching said intersection; that, on account of a curve, the portion of Enka Lake Road east of Queen Road was visible for a distance of only 80 to 100 feet; that, after giving a proper signal for a left turn, he started to turn left within the intersection at a time when there was no traffic within his vision approaching said intersection; and that while he was in the process of completing such left turn into Queen Road the Adkins car appeared and ran into the right side of his car. The evidence was in sharp conflict as to the speed of the Adkins car as it approached and entered said intersection.

The court, without objection, submitted the following issues: "1. Was the plaintiff injured by the negligence of the defendant Dills as alleged in the Complaint? 2. Did the negligence, if any, of H. B. Adkins contribute to plaintiff's injuries, as alleged in the Answer of the defendant Dills? 3. What amount, if any, is the plaintiff entitled to recover?" The jury answered the first issue, "No," and did not reach (answer) the second and third issues.

From judgment that plaintiff have and recover nothing of defendant, plaintiff excepted and appealed.

*S. Thomas Walton for plaintiff appellant.*
*Williams, Williams & Morris for defendant appellee.*

PER CURIAM. We have considered each of plaintiff's forty-three assignments of error. None discloses error deemed sufficiently prejudicial to constitute a sound basis for awarding a new trial. We have given particular consideration to the assignments of error, stressed by plaintiff in her brief, relating to the admission over her objection of the testimony of the witnesses James Newland and J. L. Newland as to the speed of the Adkins Ford when it overtook and passed the car in which they were traveling approximately one-half mile before it reached said intersection. In our view, this testimony, when considered in conjunction with the other evidence bearing upon the speed of the Adkins car between the time it passed from the view of these witnesses until the collision, was admissible under legal principles

stated in *Corum v. Comer*, 256 N.C. 252, 254, 123 S.E. 2d 473, and cases cited. Guided by appropriate instructions, the jury determined the crucial (factual) questions in favor of defendant.

No error.