GEORGE R. NASSIF v. SOUTHERN WHOLESALE, INC., A NORTH CAROLINA CORPORATION

No. 8426SC651

(Filed 19 March 1985)

Contracts § 26.2— severance pay—title to car—circumstances surrounding prior car

 In an action to recover severance pay allegedly owed to plaintiff by defendant under an oral contract, evidence of the circumstances surrounding

plaintiff's possession and use of a 1978 Cadillac leased by defendant and assurances by defendant's president that plaintiff would eventually be given title to the car was relevant to plaintiff's claim that title to a leased 1980 Cadillac was to be given to plaintiff under the terms of the severance pay agreement.

Judge JOHNSON concurring.

APPEAL by plaintiff from *Burroughs, Judge.* Judgment entered 1 February 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 February 1985.

This is a civil action wherein plaintiff seeks to recover severance pay allegedly owed to him by defendant under the terms of an oral contract between the parties. The parties stipulated to the amount of damages plaintiff would be entitled to recover from defendant in the event the jury should find that a contract existed between the parties and that the defendant breached the contract; consequently, the judge submitted only the following issues to the jury, answered by the jury as indicated:

1. Did the Defendant, Southern Wholesale, Inc., through its President, Bob Beaty, enter into a contract with the Plaintiff, George R. Nassif, for Southern Wholesale, Inc. to pay George R. Nassif severance pay? ANSWER: Yes.

2. Did the defendant, Southern Wholesale, Inc., breach its contract with the Plaintiff, George R. Nassif? ANSWER: No.

From entry of judgment for defendant, plaintiff appealed.

*Eugene C. Hicks, III, for plaintiff, appellant.*

*Wardlow, Knox, Knox, Freeman & Scofield, by John B. Yorke and Mark T. Sumwalt, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff first assigns error to the trial court's exclusion of certain evidence. The facts necessary to an understanding of this assignment of error are as follows:

Plaintiff was employed as general manager of defendant, a wholesale beer distributor. In March, 1981, plaintiff's employment by defendant was terminated. In his complaint, plaintiff alleged that defendant, acting through its president, Bob Beaty, agreed to

provide plaintiff with weekly severance pay in the amount of $500 for twelve weeks, one-fourth of his previous year's bonus (approximately $3,750), and the title to a 1980 Fleetwood Cadillac leased by the defendant and used by plaintiff for both personal and business activities. In exchange for defendant's agreement to provide plaintiff with this "severance pay," plaintiff agreed to resign from defendant's employ. In his complaint plaintiff alleged that defendant breached the terms of this agreement by paying him $500 a week for only nine weeks, by terminating plaintiff's possession of the 1980 Fleetwood Cadillac after only twelve weeks, and by refusing to provide plaintiff with title to the car.

In its answer defendant admitted that it agreed to pay plaintiff $500 a week severance pay, but denied that the agreed upon period was twelve weeks, contending instead that it agreed to provide plaintiff with this sum for two months. Similarly, defendant asserted that plaintiff was told he might retain possession of the automobile for two months; defendant denied plaintiff's allegation that it agreed to give him title to the car. The evidence tended to show that the fair market value of the automobile in question was $12,000 at the time of the alleged agreement.

At trial plaintiff sought unsuccessfully to introduce evidence tending to show the following: In March, 1978, plaintiff had a birthday party, which was attended by Bob Beaty, defendant's president. At this party Mr. Beaty presented defendant with the keys to a 1978 Sedan DeVille. The following Monday plaintiff encountered Mr. Beaty and thanked him again for the gift of the car. Plaintiff testified on *voir dire* that Mr. Beaty responded as follows: "Well, you understand it's leased. . . . Use it as a company car and personal car and that after a couple of years, we'll—you'll have to pay $1.00 or $10.00, nominal fee and the car will be yours. You can give it to your wife to drive and we'll give you another company car." Plaintiff testified that, at Mr. Beaty's suggestion, he later exchanged this car for the 1980 diesel Fleetwood Cadillac at issue in the present action. According to plaintiff, Mr. Beaty indicated that the gas-driven 1978 Sedan DeVille "was using a lot of gas," and said, "If you get a Diesel and give it to your wife in a couple years. . . . The car will last you a long time and will operate a lot cheaper." Like the 1978 Sedan DeVille, the 1980 Fleetwood was leased by defendant. At trial Judge Bur-

Nassif v. Southern Wholesale

roughs refused to permit plaintiff to testify about any of the facts relating to the 1978 car.

Plaintiff's testimony before the jury was that he met with Mr. Beaty on 13 March 1981, at which time he was asked to re-sign. Plaintiff testified that he and Mr. Beaty discussed the terms of plaintiff's severance pay in some detail, and that, at the end of the conversation, Mr. Beaty said, "Of course, the car"; plaintiff responded by saying, "That's the second time you give me the car."

Plaintiff contends that the excluded evidence was relevant to his claim for the 1980 Fleetwood Cadillac because it tended to render more credible his contentions as to the disputed terms of the oral agreement between plaintiff and defendant. We agree. The jury's determination of the disputed terms of the oral agree-ment hinged on the credibility of plaintiff and Mr. Beaty. The evi-dence plaintiff was allowed to present to the jury tended to show that plaintiff and Mr. Beaty discussed at some length severance pay amounting to approximately $9,750, and that Mr. Beaty there-after, without discussion and in an off-handed manner, agreed to include property having a fair market value of $12,000. We be-lieve plaintiff's testimony in this regard is far more credible when considered in light of the excluded evidence that plaintiff had previously been assured by defendant that he would eventually be given title to the car. Because we believe the erroneous exclu-sion of this evidence may well have been prejudicial to plaintiff, we hold that plaintiff is entitled to a new trial.

New trial.

Judge JOHNSON concurs in the opinion.

Judge COZORT concurs.

Judge JOHNSON concurring.

I concur for the following reasons. Facts or circumstances connected in any way with the matter in issue or from which any inference of the disputed fact can be reasonably drawn should not be excluded from the consideration of the jury. *Pettiford v. Mayo*,

117 N.C. 27, 23 S.E. 252 (1895); *see also, Corum v. Comer,* 256 N.C. 252, 123 S.E. 2d 473 (1962). It is not required that the evidence bear directly upon the question in issue; the evidence is competent and relevant if it is one of the circumstances surrounding the parties and necessary to be known to properly understand the conduct or motive of the parties or to weigh the reasonableness of their contentions. *Jones v. Hester,* 260 N.C. 264, 132 S.E. 2d 586 (1963).

In the case *sub judice,* the excluded evidence was calculated to enable the jury to properly understand the conduct of the parties and to weigh the reasonableness of their contentions. The circumstances surrounding the parties' action regarding the leasing, possession and use of the 1978 Cadillac are so connected to the leasing, possession and use of the 1980 Cadillac, which was included in the severance agreement, that the jury should have been permitted to consider this evidence in arriving at its determination of the truth of the matter in dispute. Under the circumstances, I think the excluded evidence was relevant and material as bearing upon the credibility of the parties' testimony and the reasonableness of their contentions as to the terms of the severance pay agreement.