L. R. WADDELL, Clerk of the Superior Court of Johnston county, upon the relation and to the use of KEDAR W. CREECH v. EDWIN J. T. CREECH.

*Apprentice—Bond—Damages—Clerk.*

1. An action upon an apprentices bond, executed in 1873, to M, "Judge of Probate and his successors in office," is properly brought in the name of the Clerk of the Superior Court.

2. The general rule is, that where no actual damages are shown, the jury can only give nominal damages, but there are exceptions to it.

3. So, where in an action upon an apprentice bond, evidence was offered tending to prove that the health of the apprentice had been impaired by the master's improper treatment, but no evidence was produced showing the extent of the damage, it was not error for the Court to instruct the jury that they might inquire if there was damage from that cause and fix the amount thereof.

(*Threadgill* v. *Jennings*, 3 Dev., 384, and *Bell* v. *Walker*, 5 Jones, 43, distinguished and approved; and *State* v. *Skinner*, 3 Ired,, 564, and *Scott* v. *Williams*, 1 Dev., 376, approved).

CIVIL ACTION, tried before *Shepherd, Judge*, at Spring Term, 1887, of JOHNSTON Superior Court.

By indenture made the 11th day of January, 1873, "between P. T. Massey, probate Judge of the county of Johnston, and his successors in office," and the defendant Edwin J. T. Creech, the relator, Kedar W. Creech, was bound as an apprentice to the said E. J. T. Creech, who covenanted and agreed to teach and instruct the said apprentice, or cause him to be instructed, in the art and business of farming, &c., and to provide the said apprentice sufficient diet, washing, lodging and apparel fitting for an apprentice, and also provide for him education in reading, writing, and arithmetic, and also all other things necessary both in sickness and in health."

This action was instituted in the name of L. R. Waddell, clerk, &c., to the use of the plaintiff, against the defendant, to recover for alleged breaches of this bond by the defendant E. J. T. Creech.

The alleged breaches are as follows: That defendant failed to provide suitable diet for said apprentice; that he failed to provide suitable lodging, &c ; that he required of said apprentice work far beyond his capacity to perform, while he was a boy of twelve years of age; that by reason of insufficient diet, lodging, &c., and especially by reason of arduous labor required of the apprentice, K. W. Creech, both by day and night, which impaired his health, &c.

The allegations made in the complaint were denied by the defendant's answer, and the following issues were submitted to the jury, the answers to which were as indicated:

1. Did defendant commit the breaches of the bond set out. in the complaint, or any them? Ans. Yes.

2. What damages has plaintiff sustained by reason of such breaches? Ans. $325.

3. Is plaintiff's cause of action, if any, barred by the statute of limitations? Ans. No.

The evidence at considerable length is sent up with the record, and is conflicting; that of the plaintiff tending to establish the alleged breaches, and that of the defendant tending to disprove the plaintiff's allegations.

There was no evidence of any actual damage.

The defendant requested the Court to instruct the jury, that this was not a case for punitive or exemplary damages, but that the plaintiff could recover only such actual damages as had been proven, and such as had resulted from any breach of the bond.

He further requested to charge that there was no ovidence of any actual damage, and that nominal damages alone could be recovered.

The Court after instructing the jury upon the first issue, as to which there was no objection, charged that the plaintiff could not recover exemplary or punitive damages, and could recover, if anything, only the damages caused by a breach of the bond, if any. That it was for the jury to say whether the health of the plaintiff had been permanently impaired by any action or treatment of the defendant, in violation of the bond, and it was for them to determine what that treatment was. That the testimony of plaintiff and defendant was conflicting, and the jury should determine from all the testimony how the facts were. If they should find that the plaintiff had suffered actual damage by permanent injury to his health, and the same was caused by in-

sufficient food or clothes or other treatment of the defendant in violation of his bond as charged, they should say from the evidence what that damage was; but if they should, from all the testimony, find that the treatment by defendant of the plaintiff had not been in violation of the bond, or that the plaintiff was not endamaged thereby, they should say so.

To this instruction, and to the refusal of the Court to instruct as requested, the defendant excepted.    Judgment for plaintiff, and defendant appealed.

*Mr. C. M. Busbee,* for the plaintiff.
*Mr. J. H. Flemming,* for the defendant.

DAVIS, J., (after stating the case).   The objection suggested in this Court, that the action cannot be maintained in the name of L. R. Waddell, was not taken in the Court below, but if it had been, it could be of no avail.   L. R. Waddell is the successor in office to P. T. Massey, and the action may properly be brought in his name to the use of K. W. Creech, the apprentice.   *The Code,* § 10.   It was unquestionably an official bond or indenture upon which an action might be instituted in the name of the successor to P. T. Massey, and is therefore easily distinguishable from the case of *Threadgill* v. *Jennings,* 3 Dev., 384, cited by counsel.

In the latter case, the bond was payable to " Thomas Threadgill, Chairman, his executors, administrators," &c., instead of to "his successors in office."   But even in that case, the bond was held to be sufficient, if the jury should find that it was intended that the bond should be delivered to the Chairman of the County Court, and " after its delivery, operate in law as an office bond, and not as an individual bond."

The first instruction asked for by the defendant was substantially given by the Court, and as given, could present no

ground for complaint by him. There was evidence tending to show that the apprentice was required to do work beyond his capacity to perform ; that he had sometimes to work in the night to complete his task, and that he was whipped if he failed to perform it.

The charge of his Honor in regard to exemplary or punitive damages was as favorable to the defendant as could be justly asked. The case states, that " there was no evidence of actual damage," and the defendant insists that there was error in the refusal of his Honor to instruct the jury that nominal damages alone could be recovered," and that the charge as given upon the question of damages is inconsistent.

This presents a question not free from difficulty. The case is unlike that of *Bell* v. *Walker*, 5 Jones, 43, in which there was evidence that the apprentices (in that case slaves) would have had an enhanced value to their owner, if the master had complied with his covenants to teach them "the ship carpenter and caulker's trades."

Undoubtedly the general rule is, that where no actual damages are proved, the jury can only give nominal damages. As was said by Judge GASTON, in *State* v. *Skinner*, 3 Ired., 568, " there must be a rule whereby to assess them, although the application of the rule is with great propriety confided to the jury."

From a review of the evidence, and the charge of his Honor, it is apparent that when it was said that " there was no evidence of actual damages," reference was had to such direct and immediate damages as could be fixed by evidence, and measured and weighed by the jury, and it was not meant that there was no evidence tending to show such damages or injury resulting to the plaintiff from the breaches complained of, as would entitle him to more than nominal damages, for the jury are told, " That if they should find that the plaintiff had suffered actual damages by per-

manent injury to his health, * * * * they should say from the evidence what that damage was," &c.

And there are exceptions to the general rule, that when no actual damages are proved, the jury can only give nominal damages, which would embrace the case before us. Southerland on Damages, Vol. 1, pps. 156–'57, and 172.

In *Scott* v. *Williams*, 1 Dev., 376, which was an action brought by the plaintiff for an assault and battery and false imprisonment, the object of the suit being to ascertain whether the plaintiff in that action, who was held in slavery by the defendant, was not in truth free, the Court held, that under the circumstances of the case, the jury might give more than nominal damages, though there appears to have been no proof of the actual damages.

The evidence warranted the charge as given by the Court, and there is no error.

No error.                                      Affirmed.