## W. S. SWAIN v. J. T. OAKEY.

(Filed 16 September, 1925.)

**Arrest—Slander—Malice.**

> In order for the arrest of defendant after judgment against him in an action for slander, it must appear by answer of the jury to a separate issue that the words falsely or slanderously spoken were actuated by defendant's actual malice toward the plaintiff.

MOTION for arrest of defendant heard before *Sinclair, J.,* at January Term, 1925, of NASH.

The following is the statement of case on appeal:

This was a motion for an order to issue execution against the person of the defendant, heard on appeal from the clerk by Hon. N. A. Sinclair, judge presiding, at the January Term, 1925, of Nash Superior Court.

On 16 May, 1921, the plaintiff, W. S. Swain, brought an action in the Superior Court of Nash County against J. T. Oakey, the defendant above named, for the recovery of damages for injury to his character by reason of certain alleged slanderous utterances of the defendant set out in the complaint.

The defendant, J. T. Oakey, in his answer denied that he had spoken the alleged slanderous words of the plaintiff and denied that he had any ill-will or malice toward the plaintiff in the action. The action was tried before the Hon. O. H. Allen, judge presiding, and a jury, at the October Term, 1924, of the Superior Court.

The following issues were eliminated from the pleadings and submitted to the jury, to wit:

"Q. Did the defendant, in substance, speak of the plaintiff the language alleged in the complaint? A. Yes.

"Q. What damage, if any, is the plaintiff entitled to recover? A. $1,000."

On the coming in of the verdict, his Honor, Judge Allen, rendered the following judgment:

This is an action for injury to character arising from slanderous utterances made by defendant of and concerning the plaintiff, as alleged in the complaint. The cause having been tried by the jury at this term and the jury having answered the issues in favor of the plaintiff, as shown by the records, it is now ordered and adjudged: That the plaintiff recover of the defendant the sum of $1,000 and the costs of this action as taxed by the clerk.      O. H. ALLEN, *Judge.*

Thereafter, on 12 December, 1924, plaintiff, after due notice in writing, moved before the clerk for an execution against the person of the defendant. The clerk, after hearing the motion, ordered execution to issue against the person of the defendant, and from such order of the clerk the defendant excepted and appealed to the judge in term time.

The appeal from the clerk was heard at the January Term, 1925, as above stated, his Honor, Judge Sinclair, ordered and adjudged that execution should issue in accordance with plaintiff's motion, when requested by him upon the judgment referred to in said motion against the person of the defendant, J. T. Oakey, commanding the sheriff to seize the person of said defendant and safely hold him until said judgment, interest, and costs be paid, or defendant be otherwise discharged according to law from this judgment.

The defendant duly excepted to said judgment, assigned error, and appealed to the Supreme Court.

The assignments of error are as follows:

(1) For that his Honor signed the judgment set out in the record directing execution to issue against the person of the defendant.

(2) For that his Honor erred in holding as a matter of law that the plaintiff, W. S. Swain, was entitled under the issues submitted to the jury, the answer thereto made by the jury, and the judgment at the October Term, 1924, for execution against the person of the defendant, J. T. Oakey.

*Battle & Winslow for plaintiff.*
*Thorne & Thorne for defendant.*

CLARKSON, J. The motion for arrest of defendant is based on C. S., 768, subsec. 1, which is as follows:

"The defendant may be arrested as hereinafter prescribed in the following cases:

"1. In an action for the recovery of damages on a cause of action not arising out of contract, where the defendant is not a resident of the State, or is about to remove therefrom, or where *the action is for injury to person or character,* or for injuring, or for wrongfully taking, detaining, or converting real or personal property."

In the present case the order of arrest is founded on an action for injury to character—slander, a tort, an action *ex delicto.*

In slander, malice must be shown. There are two kinds: (1) Implied, "malice in law"; (2) Actual, "malice in fact." Malice may be implied or presumed from the use of certain words, as charging a person with a felony—the words are actionable *per se,* and by the use of the words the law presumes or implies malice. Or there must be actual malice, sometimes termed particular malice, which is ill-will, grudge, desire to be avenged on a particular person.

Newell, Slander and Libel (4 ed.), part sec. 271, defines malice: "The word malice as a term of law has a meaning somewhat different from that which it possesses in ordinary parlance. In its ordinary sense 'malice' denotes ill-will, a sentiment of hate or spite, especially when harbored by one person toward another. The word is so employed in the well-known sentence in the litany of the Church of England, 'From envy, hatred, and malice,' etc. This is what the law terms 'malice in fact,' 'actual,' or 'personal' malice, to distinguish it from the legal sense attributed to the terms, and which, from being used in such sense, is accordingly designated 'malice in law,' which signifies a wrongful act intentionally done without any justification or excuse."

Where malice is presumed or implied from the use of words actionable *per se,* ordinarily compensatory damages are awarded. To obtain punitive or exemplary damages, actual malice must be shown, as was said by *Stacy, J.* (now *C. J.*), in *Ford v. McAnally,* 182 N. C., at p. 421: "Punitive damages, sometimes called smart money, are allowed in cases where the injury is inflicted in a malicious, wanton, and reckless manner. The defendant's conduct must have been actually malicious or wanton, displaying a spirit of mischief toward the plaintiff, or of reckless and criminal indifference to his rights. When these elements are present, damages commensurate with the injury may be allowed by way of punishment to the defendant. But these damages are awarded on the grounds of public policy, for example's sake, and not because the plaintiff has a right to the money, but it goes to him merely because it is assessed in his suit. Both the awarding of punitive damages and the amount to be allowed, if any, rest in the sound discretion of the jury. *Cobb v. R. R.,* 175 N. C., 132; *Fields v. Bynum,* 156 N. C., 413; *Hayes v. R. R.,* 141 N. C., 199; *Smithwick v. Ward,* 52 N. C., 64. However, the amount of punitive damages, while resting in the sound discretion of the jury, may not be excessively disproportionate to the circumstances

of contumely and indignity present in each particular case. *Gilreath v. Allen,* 32 N. C., 67; *Sloan v. Edwards,* 61 Md., 100; *Bernheimer v. Becker,* 3 L. R. A. (N. S.), 221." Under certain facts and circumstances, actual malice may be inferred.

"In cases where malice is implied, it is not an issue. The issue of actual malice or malice in fact may be and is raised by the demand of plaintiff for punitive damages, or by allegation of defendant that the publication was privileged, and when defendant seeks mitigation of damages, but has no relevancy to a defense of justification." 37 C. J., p. 56.

In *Scott v. Times-Mirror Co.,* 181 Cal., p. 358, it is said: "It is well established that in actions for civil libel where the plaintiff seeks to recover punitive or exemplary damages, or where the defendant alleges that the publication was justified on the ground that it was privileged, actual malice or malice in fact becomes an issue. As we have pointed out, the issue of actual malice was raised in this case both by the demand of the plaintiff for punitive damages and by the allegation of the defendant that the publication was privileged."

We do not think defendant could be arrested unless it is shown in using the words spoken he did so with actual malice. There is no issue of actual malice presented by the record. In actions of this kind after verdict and judgment to arrest the defendant it should appear affirmatively that the slander—the words spoken—were done with actual malice and an issue submitted to the jury. This does not appear to have been done from the record. *Ledford v. Emerson,* 143 N. C., p. 527; *Oakley v. Lasater,* 172 N. C., p. 96; *Coble v. Medley,* 186 N. C., p. 479, and cases cited.

In *Elmore v. R. R.,* 189 N. C., p. 674, we said: "There was no separate issue as to punitive damages, and on the record there is no way to ascertain if any of the damages awarded plaintiff were punitive."

For the reasons given, the judgment below is

Reversed.