JOHN L. JONES *v.* W. J. JONES, ADMINISTRATOR OF THE ESTATE OF
J. J. JONES, DECEASED.

(Filed 9 April, 1952.)

**1. Executors and Administrators § 15d—**
> Plaintiff was paid allowance by order of the clerk for taking care of intestate during the period plaintiff was intestate's guardian. Plaintiff instituted this action to recover the reasonable value of his services upon the written authorization of intestate, later found, stating that intestate wanted plaintiff to have a reasonable amount for taking care of him. *Held:* It appearing that the period of guardianship did not cover the entire time during which services were rendered, the payment of the allowances under the clerk's order does not bar the action, but such payments are properly credited to the judgment.

**2. Appeal and Error § 7—**
> Where motion for nonsuit is not made at the close of plaintiff's evidence nor renewed at the close of all the evidence, the question of the sufficiency of the evidence to be submitted to the jury is not presented. G.S. 1-183.

**3. Appeal and Error § 6c (1)—**
> A question not presented by exception duly noted will not be considered.

APPEAL by defendant administrator from *Phillips, J.,* September Term, 1951. No error.

This was a suit to recover for services rendered to defendant's intestate, James J. Jones. The defendant administrator resisted payment on two grounds: (1) that the plaintiff while guardian of James J. Jones was by order of court upon his own petition allowed compensation for personal services to his ward, whereby plaintiff had been fully paid, and that he was estopped to make an additional claim; (2) that plaintiff's claim was barred by the three years statute of limitations.

Issues were submitted to the jury and answered in favor of the plaintiff, fixing the value of plaintiff's services to decedent at $3,565.

From judgment on the verdict defendant administrator appealed.

*Childs & Childs and Fred D. Caldwell for plaintiff, appellee.*
*Russell W. Whitener and W. J. Sherrod for defendant, appellant.*

Devin, C. J. The defendant brings this case here for review chiefly on the ground that the court below erred in overruling his plea of estoppel, or, if his answer be held insufficient to constitute a formal plea of estoppel, that the court erred in holding that plaintiff was not bound by the allowance heretofore made him.

It appears from the record, however, that the allowance made plaintiff by the Clerk covered only the period while he was guardian of decedent and did not embrace the entire time during which services were rendered and for which he now claims, and further that his present claim is supported by the written authorization of decedent which was discovered subsequent to the making of the allowance. This note, shown to be in the handwriting of deceased, though insufficient to constitute a will, contained the expression: "I want John to have a reasonable amount for taking care of me." The defendant was given credit in the verdict and judgment for the part payment theretofore received for his services. We think the court below correctly ruled on the question thus presented.

There was no exception to the judge's charge to the jury, nor was any exception to the judge's rulings on the admission of evidence brought forward in defendant's assignments of error.

While defendant in his case on appeal assigns error in the denial of his motion for judgment of nonsuit, the record shows that no motion for nonsuit was made at the close of plaintiff's evidence, nor at the close of all the evidence. G.S. 1-183. The judge charged the jury upon all the evidence offered to answer the issue as to the statute of limitations in favor of the plaintiff. To this no exception was noted. The question is not presented for our decision.

Upon the record before us we find

No error.