### R. D. WILLIAMS v. VERA M. CODY.

(Filed 5 November, 1952.)

**Appeal and Error § 39b—**

> Error in the charge on the issue of contributory negligence in omitting reference to proximate cause is rendered harmless when the jury answers the issue of negligence in the negative and thereby renders the question of contributory negligence immaterial.

APPEAL by plaintiff from *Burgwyn, Special Judge,* April Term, 1952, of WAKE. No error.

Plaintiff instituted action to recover damages for injury to person and property alleged to have resulted from being struck by the negligently driven automobile of defendant.

Defendant denied the allegations of negligence, pleaded plaintiff's contributory negligence, and set up a counterclaim for damage to her own automobile resulting from the collision which she alleged was caused by the negligence of the plaintiff.

The plaintiff testified in substance that on the morning of 29 December, 1950, he parked his automobile, pointed south, alongside the west curb of Salisbury Street in Raleigh, a one-way street, and that he opened the left door of his automobile and put his left foot on the ground; that he looked back and saw defendant's automobile approaching about 75 feet away traveling 35 to 40 miles per hour; that he turned his head to the front and was struck by defendant's automobile. The force of the impact was sufficient to turn plaintiff's automobile door inside out, and the plaintiff, caught between the inside of his door and the side of defendant's car, suffered injury to his person and his property.

The defendant on the other hand testified that on this occasion she was driving her automobile south on Salisbury Street at 10 or 15 miles per

hour; that there are three marked traffic lanes on this street at this place and she was in the right-hand lane; there were moving cars on all three lanes; that plaintiff's car was parked 3 feet from the curb, and when she was within 10 or 12 feet of plaintiff's automobile he opened the left door all the way out into the lane she was traveling and her automobile struck the door, the plaintiff still sitting in his car. She testified she did not turn to the left because of the other traffic on her left; that she applied her brakes and skidded and struck the door of plaintiff's car causing some injury to her own automobile.

Issues addressed to plaintiff's cause of action and defendant's counter-claim were submitted to the jury and answered in favor of the defendant. In plaintiff's action the jury found the plaintiff's injury was not caused by defendant's negligence, and in defendant's counter-action found plaintiff was negligent, that defendant did not by her own negligence contribute to her injury, and fixed her damage at $25.00.

From judgment on the verdict plaintiff appealed.

*Douglass & McMillan for plaintiff, appellant.*
*Broughton, Teague & Johnson for defendant, appellee.*

DEVIN, C. J. The plaintiff appellant assigns error in the ruling of the trial court with respect to the admission of evidence, to which timely exceptions were noted. We have examined each of these exceptions and find them without substantial merit.

The plaintiff also noted exception to the following charge to the jury: "If you find as a fact from the evidence and by its greater weight that the plaintiff opened his car door and attempted to alight from his car on the street side instead of the sidewalk side of his car without observing the proper lookout, then it would be your duty to answer the second issue YES."

While this instruction is open to criticism for omission of reference to proximate cause (*McIntyre v. Elevator Co.,* 230 N.C. 539, 54 S.E. 2d 45), we note it was addressed to the issue of plaintiff's contributory negligence, the second issue in plaintiff's action. As the jury answered the issue as to defendant's negligence, the first issue in that case, in favor of the defendant, the question of plaintiff's contributory negligence was no longer material.

Plaintiff noted exceptions to other portions of the judge's charge and to his failure to charge sufficiently in other respects, but an examination of these exceptions in connection with the entire charge and the setting of the case, leads us to the conclusion that no prejudicial error has been made to appear.

The conflicting recollections of the plaintiff and defendant as to what occurred on this occasion on a busy street in Raleigh seems to have been fairly submitted to the jury for their decision, and we find no sufficient reason to disturb the result.