JOHNNIE F. WALKER v. DOROTHY HELEN WALKER.

(Filed 30 September, 1953.)

**1. Divorce § 5a—**

Since all material allegations of the complaint in a divorce action are denied by operation of law, G.S. 50-10, the discretionary action of the court in permitting the defendant to file a specific denial to a paragraph of the complaint cannot prejudice plaintiff.

**2. Divorce § 10b—**

In an action for divorce on the ground of two years' separation an issue as to whether the separation was brought about by plaintiff's own misconduct towards defendant *is held* sufficient in form to present, under proper instructions from the court, defendant's affirmative defense of abandonment, and plaintiff's assignment of error to the submission of the issue is untenable.

**3. Appeal and Error § 6c (5½)—**

Where there is no exception in the lower court to the submission of an issue, its submission cannot be challenged for the first time on appeal.

**4. Appeal and Error § 6c (5)—**

An assignment of error for that the court failed to properly charge the jury as to the law in the case and to apply the law to the facts in the case, is ineffectual as a broadside assignment of error.

**5. Divorce § 9b—**

Where, in an action for divorce on the ground of two years' separation, the court correctly places the burden of proof on the defendant upon the issue as to whether the separation was brought about by plaintiff's own misconduct, plaintiff's assignment of error to the charge in respect to the burden of proof on the issue cannot be sustained.

APPEAL by plaintiff from *Sink, J.,* and a jury, at February Term, 1953, of RUTHERFORD. No error.

Civil action by plaintiff husband for absolute divorce on the ground of two years' separation. G.S. 50-6.

The jury returned the following verdict:

"1. Has the plaintiff been a resident of the State of North Carolina for more than six months next preceding the institution of this action? Answer: Yes.

"2. Were the plaintiff and defendant married as alleged in the complaint? Answer: Yes.

"3. Have the plaintiff and defendant lived separate and apart from each other for more than two years next preceding the institution of this action, as alleged in the complaint? Answer: Yes.

"4. Was the separation brought about by the plaintiff's own misconduct toward the defendant? Answer: Yes."

From judgment on the verdict denying the plaintiff divorce, he appeals, assigning errors.

*M. Leonard Lowe for plaintiff, appellant.*
*B. T. Jones for defendant, appellee.*

JOHNSON, J. The plaintiff's first assignment of error is based on his exception to the ruling of the court in permitting the defendant to enter a specific denial to paragraph six of the complaint, in which the plaintiff alleges that he and the defendant "lived separate and apart continuously for more than two years next preceding the commencement of the action; . . ." The defendant, in answering, had made no specific denial of this allegation. But none was necessary. This because the statute, G.S. 50-10, declares in effect that the material allegations of the complaint in a divorce action shall be deemed and treated as denied. Therefore, since paragraph six of the complaint stood denied by operation of law, it was inconsequential whether or not the defendant entered a denial, and the entry of the defendant's specific denial, under discretionary leave of the court, could not have prejudiced the plaintiff.

Next, the plaintiff assigns as error the action of the trial court in submitting the fourth issue. The issue is sufficient in form to have presented to the jury, under proper instructions, the determinative question raised by the defendant's affirmative defense of abandonment. *Jernigan v. Jernigan,* 226 N.C. 204, 37 S.E. 2d 493. See also *Caddell v. Caddell,* 236 N.C. 686, 73 S.E. 2d 923. Besides, an inspection of the record discloses no exception in the lower court to the submission of the issue. The attempt to challenge the issue for the first time in this Court is unavail-

ing. *Sprinkle v. Reidsville,* 235 N.C. 140, 69 S.E. 2d 179; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488.

The plaintiff assigns error in the charge as follows: ". . . that the court failed to properly charge the jury as to the law in such cases and to apply the law to the facts of the case." This assignment is based on no specific exception. It is broadside. The assignment is insufficient to bring up for review any part of the charge as given, or any omission in respect thereto. See Rule 19 (3), Rules of Practice in the Supreme Court, 221 N.C., p. 553 *et seq.; Hodges v. Malone & Co.,* 235 N.C. 512, 70 S.E. 2d 478; *Poniros v. Teer Co.,* 236 N.C. 145, 72 S.E. 2d 9.

The plaintiff's remaining assignment of error relates to the charge in respect to the burden of proof on the fourth issue. An inspection of the charge discloses that the court properly placed on the defendant the burden of proof as to this issue. The assignment is untenable.

The verdict and judgment will be upheld.

No error.