MRS. PHEREBA ABBITT v. CHARLES H. BARTLETT, JR.

(Filed 24 February, 1960.)

**1. Malicious Prosecution § 1—**

If a prosecution is wrongfully, knowingly and intentionally maintained without just cause or excuse, there is legal malice which alone is sufficient to support an action for malicious prosecution, and plaintiff must show actual malice only if he seeks to recover punitive damages.

**2. Malicious Prosecution § 12—**

Where the court has correctly instructed the jury that legal malice alone is sufficient predicate for malicious prosecution and that actual malice is not necessary, a further instruction in response to a request by a juror that the court again define malice, that, in addition to ill-will, anger, resentment and a revengeful spirit, malice means a wrongful act knowingly and intentionally done, without just cause and excuse, will not be held for error, since construing the charge contextually the charge does not require the jury to find both legal and actual malice to warrant recovery.

**3. Appeal and Error § 42—**

The charge of the court will be construed contextually, and an exception thereto will not be sustained when upon such construction the jury could not have been misled.

**4. Malicious Prosecution § 10b—**

The acquittal of defendant by a court of competent jurisdiction, while necessary to show a termination of the prosecution, is not evidence one way or the other as to want of probable cause, and an instruction to this effect is not error.

**5. Appeal and Error § 45 —**

Where the answer of the jury to an issue precludes recovery, error relating to a subsequent issue cannot be prejudicial to plaintiff.

**6. Malicious Prosecution § 12—**

While ordinarily it is better practice for the court to submit the issue of probable cause before the issue of malice, the submission of the issues in inverse order will not be held prejudicial where the court has correctly instructed the jury that legal malice may be inferred from want of probable cause and has correctly expressed the rules of law in regard thereto.

**7. Appeal and Error § 41—**

Where the testimony which a witness would have given if he had been permitted to answer is not in the record it cannot be ascertained on appeal that the exclusion of the evidence was prejudicial.

**8. Same—**

Where a witness had theretofore been permitted to testify in regard to the matter, the exclusion of subsequent testimony of the same witness of the same import is not ordinarily prejudicial, and certainly its exclusion will not be held for error when the subsequent question is objectionable as a leading question.

**9. Appeal and Error § 23—**

Where the record fails to show any objection or exception to the admission of certain testimony a contention of error in the admission of such testimony is not presented.

**10. Malicious Prosecution §§ 10a, 10b—**

Where upon the hearing of a prosecution for maintaining a public nuisance, the court directs the prosecuting witness and the defendant and her attorney to go into an ante-room and discuss the matter, in a subsequent action for malicious prosecution the prosecuting witness, as defendant in the civil action, may testify, as bearing upon the questions of probable cause and malice, that during the conference the attorney told defendant in the criminal prosecution that she would have to abide by the court's direction and clean up her premises.

**11. Evidence § 15—**

Ordinarily, testimony of any fact or circumstance connected with the matter in issue, or from which any inference of the disputed fact can reasonably be drawn, ought not to be excluded from the consideration of the jury.

**12. Trial § 49—**

A motion to set aside the verdict is addressed to the discretion of the

trial court, and a contention based on a question of law is not presented by an exception to the refusal of the court to set aside the verdict.

APPEAL by plaintiff from *McLean, J.,* October 1959 Civil Term, of BUNCOMBE.

This is an action for damages for malicious prosecution.

Plaintiff, Mrs. Phereba Abbitt, purchased a house and lot in the city of Asheville in 1944. She divided the house into three apartments, two downstairs and one upstairs. She occupied the front apartment downstairs and rented the other two. Defendant, Charles H. Bartlett, Jr., owned adjoining property and resided thereon.

On 27 August 1958 defendant caused a warrant to issue charging that Mrs. Abbitt "did unlawfully and wilfully and feloniously create and maintain a public nuisance by allowing women and men of bad character and drunks to assemble together in her residence, and scandalize the neighborhood or passerby . . ."

Plaintiff was arrested and tried in the Police Court of the city of Asheville, a court of competent jurisdiction. Evidence was heard on 28 August 1958 but verdict and judgment were continued from time to time until 25 October 1958 when the court entered a verdict of "not guilty."

This action for malicious prosecution was instituted 16 March 1959. It came on for trial at the term above indicated. Issues were submitted to the jury and answered as follows:

"1. Did the defendant cause the arrest of the plaintiff under the warrant issued by the Police Court of the City of Asheville, as alleged in the complaint? Answer: Yes.

"2. If so, was said warrant issued wrongfully and maliciously, as alleged in the complaint? Answer: No.

"3. Was said warrant issued without probable cause, as alleged in the complaint? Answer ........

"4. What damages, if any, is plaintiff entitled to recover? Answer ........"

From judgment in favor of defendant, plaintiff appealed and assigned errors.

*M. John DuBose and Melvin K. Elias for plaintiff, appellant.*
*Richard Griffin and Guy Weaver for defendant, appellee.*

MOORE, J.  After the jurors had begun their deliberations they returned to the courtroom for further instructions. The following transpired:

"JUROR: Would you define malicious for us again, please?

"THE COURT: Now, Ladies and Gentlemen of the Jury, malice does not necessarily mean ill-will, anger, resentment or a revengeful spirit. To be sure those things are malice, but simply it means a wrongful act knowingly and intentionaly done, without just cause or excuse or justification.

"JUROR: Answer that second question again, please, that second paragraph.

"THE COURT: It means in addition to ill-will, anger, resentment and a revengeful spirit, a wrongful act knowingly and intentionally done, without just cause, excuse or justification."

Plaintiff assigns as error the instruction given in the second response by the court. Plaintiff insists this instruction places upon her too great a burden. She contends that the court, in substance, instructed the jury that, in order for plaintiff to prevail upon the second issue, she was required to prove both actual and legal malice, when, as a matter of law, proof of either would suffice.

Where punitive damages are claimed it must be shown that plaintiff was wrongfully prosecuted from actual malice in the sense of personal ill-will, spite or desire for revenge, or under circumstances of insult, rudeness or oppression, or in a manner evincing a reckless and wanton disregard of plaintiff's rights. Where only compensatory damages are sought, plaintiff *may* show actual malice, but it is sufficient if plaintiff proves legal malice alone, that is, that the prosecution was wrongfully, knowingly and intentionally maintained without just cause or excuse. *Mitchem v. Weaving Co.*, 210 N.C. 732, 734, 188 S.E. 329; *Downing v. Stone*, 152 N.C. 525, 529, 68 S.E. 9; *Stanford v. Grocery Co.*, 143 N.C. 419, 428, 55 S.E. 815.

The legal proposition propounded by plaintiff is correct, but we do not agree with the construction she places on the challenged instruction. It must be construed in connection with the preceding response. The juror had asked the court to define "malicious" again. The court, in effect, stated that actual malice need not be shown and that it would suffice if plaintiff had proven "a wrongful act knowingly and intentionally done, without just cause or excuse or justification." When the juror asked the next question the court interpreted it, and correctly so, as a request to repeat the definition of *legal* malice. This the court did. Taken alone and out of context, this latter instruction is erroneous, but when considered contextually with the former instruction it is correct and could not have misled the jury. Consecutive instructions *pari materia* must be construed in connec-

tion with each other. *Taylor Co. v. Highway Commission,* 250 N.C. 533, 539, 109 S.E. 2d 243.

Plaintiff noted an exception to the instruction of the court in response to a further inquiry by the juror:

"JUROR: What consideration or weight should we take that she was acquitted in Police Court. You read that to us once.

"THE COURT: Now, Ladies and Gentlemen of the Jury, of course in any action such as this, it is necessary that they show that the action terminated in her favor; however, that is admitted, but it comes down then to the question of probable cause, which you must decide. The fact that a verdict of not guilty was entered over there creates no evidence one way or the other as to whether or not there was probable cause at the time."

This instruction is correct. "It is well established with us that when a committing magistrate, as such, examines a criminal case and discharges the accused, his action makes out a *prima facie* case of want of probable cause, that is the issue directly made in the investigation; but no such effect is allowed to a verdict and judgment of acquittal by a court having jurisdiction to try and determine the question of defendant's guilt or innocence; and the weight of authority is to the effect that such action of the trial court should not be considered as evidence on the issue as to probable cause or malice. In this case the justice had final jurisdiction to try and determine the question. The judgment is necessarily admitted, because the plaintiff is required to show that the action has terminated; but it should be restricted to that purpose, and the failure to do this constituted reversible error. (citing authorities)." *Downing v. Stone, supra,* at page 530. The holding in the *Downing* case is in accord with the weight of authority in other jurisdictions. Annotation: 57 A.L.R. 2d, Malicious Prosecution — Evidence, sec. 4, pp. 1094 *et seq.*

Appellant also excepts to a portion of the charge relating only to the "probable cause" issue, third issue. The jury did not answer this issue. It reached a verdict adverse to the plaintiff before coming to the third issue. Having answered the "malice" issue against the plaintiff, it was unnecessary that the third issue be answered, and error in the instruction with respect thereto is not prejudicial. *Williams v. Cody,* 236 N.C. 425, 426, 72 S.E. 2d 867.

Inasmuch as want of probable cause is related to malice, as those terms are applied in malicious prosecution cases, it is the better practice to have the "probable cause" issue precede the "malice" issue. But here the court had correctly instructed the jury that legal malice *may* be inferred from want of probable cause and had explained the

rules of law with respect to this principle as laid down in decided cases. *Miller v. Greenwood*, 218 N.C. 146, 10 S.E. 2d 708; *Mitchem v. Weaving Co., supra; Wright v. Harris*, 160 N.C. 542, 76 S.E. 489. Furthermore, appellant made no exception to the issues submitted. *Walker v. Walker*, 238 N.C. 299, 300, 77 S.E. 2d 715.

There are exceptions to the rulings of the court in sustaining objections to four questions propounded to plaintiff's witness, Mrs. Sarah Allison, by plaintiff's attorney. As to three of these questions, the record does not disclose what the answers of the witness would have been had she been permitted to testify with respect thereto. Therefore, we have no way of determining whether the rulings were prejudicial. *Board of Education v. Mann*, 250 N.C. 493, 497, 109 S.E. 2d 175. Mrs. Allison, an occupant of one of plaintiff's apartments, was testifying concerning noises, or absence of noises, in the house. She was asked, "The children didn't have any trouble sleeping, did they?" If permitted to testify, the witness would have answered "No." The question was clearly objectionable as leading. Furthermore, the witness had already testified, without objection, that she had heard no noises "objectionable to her or anyone else." Error, if any, is harmless.

Plaintiff contends that the court erred in permitting defendant to testify that he "didn't have any malice against Mrs. Abbitt." Plaintiff's brief refers to a portion of defendant's testimony appearing on page 23 of the record. The record does not disclose any objection made or exception taken to this testimony. Objections must be made in apt time and assignments of error must be based upon exceptions set out in the record. *Jones v. Jones*, 235 N.C. 390, 391, 70 S.E. 2d 13; *Steelman v. Benfield*, 228 N.C. 651, 654, 46 S.E. 2d 829.

Plaintiff objected to and moved to strike, the following testimony of defendant: "Mr. Regan told Mrs. Abbitt she would have to abide by what Judge Cathey had just told her and clean her apartments up and make what changes would be necessary to do so." At a hearing of the criminal action against Mrs. Abbitt in Police Court the judge directed Mr. Bartlett, Mrs. Abbitt and her attorney, Mr. Regan, to go to an ante-room and discuss matters pertaining to the apartment house. The challenged testimony is defendant's version of a portion of that discussion. Bartlett was not eavesdropping. This testimony has a direct bearing upon the issues of "probable cause" and "malice." "No fact or circumstances in any way connected with the matter in issue or from which any inference of the disputed fact can reasonably be drawn, ought to be excluded from the consideration of the jury." *Pettiford v. Mayo*, 117 N.C. 27, 28, 23 S.E. 252.

Plaintiff very earnestly insists that the criminal warrant which de-

fendant caused to be issued and under which she was arrested and tried did not charge a criminal offense and, further, that the evidence in the record is insufficient to show that she committed the acts alleged in the purported warrant. These contentions are made in connection with the refusal of the court to set aside the verdict and to the signing of the judgment. The connection is not apparent. "The refusal to set aside the verdict as being contrary to the weight of the evidence was a matter within the discretion of the court and no appeal lies therefrom." *Nance v. Long,* 250 N.C. 96, 97, 107 S.E. 2d 926. The judgment was in accordance with the verdict. *Bourne v. Edwards,* 238 N.C. 261, 262, 77 S.E. 2d 616. The sufficiency of the warrant and evidence in the criminal action is not a proper inquiry on this appeal under the assignments of error brought forward and discussed in appellant's brief.

No error.