JOHN E. NEWTON v. THOMAS L. McGOWAN.

(Filed 28 February, 1962.)

**1. Appeal and Error § 42—**

    A portion of the charge excepted to must be considered with the remainder of the charge and construed in context in determining whether the excerpt was or was not prejudicial.

**2. Malicious Prosecution § 12; Trial § 34— Charge, construed contextually, held to have instructed jury as to facts which would require negative as well as affirmative finding and placed no burden of proof on defendant.**

Where, in an action for malicious prosecution, the court charges the jury to the effect that the burden is upon plaintiff to prove by the greater weight of the evidence that defendant caused plaintiff to be arrested and prosecuted, and that defendant did so without reasonable grounds for suspicion or without knowledge of facts which would lead a man of ordinary caution to believe or entertain an honest suspicion that plaintiff was guilty, to answer the issue in the negative, *is held* without jury that, on the other hand, if it should find that defendant had reasonable grounds for suspicion or knowledge of facts which would lead a man of ordinary caution to believe or entertain an honest suspicion that plaintiff was guilty, to answer the issue in the negative, is held without prejudicial error when construed contextually, and the charge is not subject to the objection that it failed to charge the facts requiring a negative answer, or placed any burden on defendant to prove facts which would permit a negative answer.

**3. Malicious Prosecution § 4—**

Where a committing magistrate finds probable cause or when a defendant in a criminal action waives the preliminary hearing, a *prima facie* showing of probable cause is made, but such *prima facie* showing is not conclusive and the question of probable cause remains for the jury.

**4. Same—**

The fact that a defendant in a criminal prosecution demanded a jury trial, which under the applicable statutes required the recorder to transfer the cause to Superior Court without investigation, has no relation to the question of probable cause and does not establish probable cause even *prima facie*.

**5. Malicious Prosecution § 12—**

In this action for malicious prosecution, the court's definition of "malice" held not prejudicial on authority of *Motsinger v. Sink*, 168 N.C. 548.

**6. Malicious Prosecution § 13—**

A finding by the jury that defendant caused the arrest and prosecution of plaintiff and that the arrest and prosecution was without probable cause, establishes plaintiff's right of action and entitles him to nominal damages, with the burden on plaintiff to show damages beyond a nominal sum, but such burden does not require plaintiff to show the amount of damage with mathematical certainty and he is required merely to offer evidence from which the jury can reasonably find damages in excess of a nominal sum.

**7. Same—**

Where plaintiff in an action for malicious prosecution introduces evidence that he was arrested on false charges sworn to by defendant, and that the arrest was made in the presence of others and the fact of arrest

reported in the local newspaper, the evidence is sufficient to justify the jury in awarding more than nominal damages without the necessity of plaintiff's producing witnesses to testify as to injury to plaintiff's reputation or decreased earning capacity, and the court in its charge properly submits these elements of damage.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Morris, J.*, December 1961 Civil Term of PASQUOTANK.

Plaintiff brought this action to recover compensatory and punitive damages for an alleged malicious prosecution of the criminal charge of larceny. To support his claim he alleged: A warrant was issued by the Recorder's Court of Currituck County on 9 March 1960 at the request of and on an affidavit by defendant which charged plaintiff with the theft of defendant's slab wood; the warrant was issued without probable cause; defendant acted maliciously in procuring the warrant; the criminal action had terminated by a *nol pros* taken at the September Term 1960 of the Superior Court.

Defendant admitted the warrant was issued at his instance and on his affidavit. He denied he acted maliciously, asserting he acted in good faith, having good and probable cause to believe plaintiff guilty. He averred plaintiff, in the recorder's court, demanded a jury trial, thereby preventing the recorder's court from determining guilt or innocence, leaving it only with authority to bind plaintiff over to the Superior Court and the demand so made established probable cause justifying defendant's action in requesting the court to issue the warrant.

The court submitted issues which were answered by the jury as follows:

"1. Did the defendant cause the arrest and prosecution of the plaintiff, as alleged in the Complaint?

"ANSWER: Yes.

"2. If so, was the arrest and prosecution without probable cause?

"ANSWER: Yes.

"3. If so, was the arrest and prosecution malicious?

"ANSWER: Yes.

"4. What amount of compensatory damages, if any, is the plaintiff entitled to recover of the defendant?

"ANSWER: $750.00."

Judgment was entered on the verdict. Defendant appealed.

*Robert B. Lowry and Frank B. Aycock, Jr., for plaintiff appellee.*
*John H. Hall for defendant appellant.*

RODMAN, J. Appellant's claim of prejudicial error is based on asserted imperfections in the charge.

The court, in the first part of the charge, read the issues to the jury and expressly informed them plaintiff had the burden of proving each issue. He then defined the terms "greater weight of evidence," "probable cause," and "malice." Next he reviewed the evidence and then informed the jury what the law was in relation to each issue. When he reached the second issue, he said:

"The burden of that issue is upon the plaintiff to satisfy you from the evidence and by its greater weight, and in that connection I instruct you that if the plaintiff has satisfied you from the evidence and by its greater weight that the defendant caused the plaintiff to be arrested and prosecuted by virtue of a warrant sworn out by the defendant in the Recorder's Court of Currituck County, wherein or whereby the plaintiff was charged in said warrant issued upon affidavit of the defendant with the larceny of a quantity of wood or slabs, the property of the defendant, that the affidavit made by the defendant was made without a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the plaintiff was guilty of crime of larceny of said wood or slabs; or such affidavit for the issuance of such warrant was made by the defendant without there existing to his knowledge such a state of facts as would lead a man of ordinary caution to believe or to entertain an honest and strong suspicion that the plaintiff was guilty of the larceny of his, the defendant's, wood or slabs, then and in that event you would answer the second issue YES.

"If, on the other hand, you find that the defendant had a reasonable ground for suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the plaintiff had stolen his wood or slabs, or if the defendant had knowledge of such facts as would lead a man of ordinary caution to believe or to entertain an honest and strong suspicion that the plaintiff had stolen his wood or slabs, then the procurement of the arrest and prosecution of the plaintiff by the defendant would have been with probable cause and you would answer the second issue NO."

Appellant contends the quoted portion is erroneous and prejudicial in two respects. First, it informs the jury that proof of certain facts requires an affirmative answer, but fails to inform them that plaintiff's failure to establish the requisite facts required a negative answer; and, second, imposed a burden on defendant to find facts which would permit a negative answer.

Appellant, to support his contention, breaks the charge into two segments, the first segment ending with that portion permitting an af-

firmative answer and the second segment with that portion relating to a negative answer.

The duty to inform a jury as to when to give negative as well as affirmative answers to the issues is clearly stated in *Hunnicutt v. Insurance Co.*, 255 N.C. 515, which appellant cites and urges in support of his contention. The question here is: Does this charge fail to conform to the law as there stated? When an exception is taken to a portion of a charge, the whole must be considered and the part objected to considered in context. *Beauchamp v. Clark*, 250 N.C. 132, 108 S.E. 2d 535; 1 Strong's N. C. Index 124, note 443.

Applying this rule to the error asserted, it is, we think, apparent that the court correctly instructed the jury. The language used with respect to a negative answer imposed no burden on defendant. It is equivalent to a statement that failure to prove facts necessary for an affirmative answer required a negative answer.

Was the demand in the recorder's court for a jury trial and the execution of an appearance bond at the next term of the Superior Court equivalent to a waiver of a preliminary examination and hence an implied admission that probable cause existed?

Under our decisions when a committing magistrate finds probable cause or when a defendant in a criminal action waives a preliminary hearing, a *prima facie* showing of probable cause is made, but such finding or waiver of examination is not conclusive, the question of probable cause is still for the jury. *Abbitt v. Bartlett*, 252 N.C. 40, 112 S.E. 2d 751; *Bryant v. Murray*, 239 N.C. 18, 79 S.E. 2d 243; *Taylor v. Hodge*, 229 N.C. 558, 50 S.E. 2d 307. The original act relating to the transfer from the Recorder's Court of Currituck County to the Superior Court upon demand for jury trial required the recorder to sit as a committing magistrate and ascertain if probable cause existed. C. 897 S.L. 1945. But this statute was repealed. (See c. 273 S.L. 1949.) The present statute, c. 972 S.L. 1951, makes it the duty of the recorder to transfer without an investigation upon demand for jury trial. The demand for a jury trial under the present statute has no relation to the question of probable cause.

Appellant assigns as error the court's definition of "malice." The definition given by the court is taken verbatim from *Motsinger v. Sink*, 168 N.C. 548, 550, 84 S.E. 847. In substance, if not in identical language, it has been so defined in numerous cases since 1915 when the *Motsinger* case was decided. *S. v. Bass*, 255 N.C. 42, 120 S.E. 2d 580; *Abbitt v. Bartlett, supra; Brown v. Estates Corp.*, 239 N.C. 595, 80 S.E. 2d 645; *Betts v. Jones*, 208 N.C. 410, 181 S.E. 334; *Swain v. Oakey*, 190 N.C. 113, 129 S.E. 151; *Cottle v. Johnson*, 179 N.C. 426, 102 S.E. 769.

Defendant's final assignment of error is directed to the charge as it relates to the issue of damages. Apparently the court had before it 54 C.J.S. at p. 1103 when it enumerated damages which might flow from a malicious prosecution. Among other elements which the court told the jury it could consider in awarding damages was injury to his fame, reputation, and character, "if any such occurred," and "decrease in his earning capacity, if any."

Defendant argues it was error for the court to permit the jury to determine if any such injuries occurred and to assess damages therefor. He assigns two reasons for his contention: (1) Two witnesses for plaintiff testified to his continuing good reputation. None testified to the contrary. (2) Plaintiff was receiving a higher wage at the time of trial (December 1961) than he was receiving when arrested in March 1960.

Plaintiff testified he was arrested at his home. He had visitors at that time. A newspaper in Elizabeth City published the fact that he had been arrested on the charge of stealing plaintiff's wood. He had never before been charged with larceny or embezzlement nor had he ever committed such a crime.

When the jury answered the first three issues in the affirmative, thereby establishing plaintiff's right of action, he was, as a matter of law, entitled to nominal damages. The burden was, as the court told the jury, on plaintiff to show damages sustained beyond a nominal sum; but this burden did not obligate him to show the amount with mathematical certainty. When he offered evidence from which the jury could reasonably find damage in excess of a nominal sum, the amount of such damage was a question for the jury. *Creech v. Creech,* 98 N.C. 155; *Stevenson v. Northington,* 204 N.C. 690, 169 S.E. 622; *Roth v. News Co.,* 217 N.C. 13, 22, 6 S.E. 2d 882; 15 Am. Jur. 415.

The charges falsely made, accompanied by the arrest, followed by the news item reporting the asserted criminal conduct, suffice to support an award for more than nominal damages without the necessity of producing witnesses to testify their estimate of plaintiff's character had changed from good to bad. No one would gainsay the fact that it is easier for one of good reputation to secure employment in better paying positions than for one described as a thief to secure such employment.

Appellant has failed to show prejudicial error.

No error.

WINBORNE, C.J., not sitting.