STATE OF NORTH CAROLINA v. RONNIE ALAN DONALD

No. 8025SC801

(Filed 17 March 1981)

**Automobiles § 120– driving under the influence -- reckless driving not lesser included offense**

The offense of reckless driving under G.S. 20-140(c) is not a lesser included offense of operating a vehicle upon a highway when the amount of alcohol in the driver's blood is .10% or more, a violation of G.S. 20-138(b).

APPEAL by defendant from *Grist, Judge.* Judgment entered 16 April 1980 in Superior Court, BURKE County. Heard in the Court of Appeals 27 January 1981.

Defendant was tried and convicted in district court of operating a vehicle upon a highway when the amount of alcohol in his blood, by weight, was 0.10 percent or more. G.S. 20-138(b).

State v. Donald

From his conviction, he appealed to Superior Court where he was again tried for violating G.S. 20-138(b).

At trial, the State's evidence tended to show that on 20 October 1979, a Morganton Public Safety Officer observed defendant driving a Motobecane on a public street. The vehicle was weaving badly within its lane. After following defendant for two to three blocks, the officer stopped him. The officer observed that defendant had a strong odor of alcohol on his breath, that his face was flushed, that his hair was "messed up", and that he was unsteady on his feet. The officer arrested defendant for driving under the influence of alcohol and took him to police headquarters where a second officer administered a breathalyzer test. The test showed that the alcohol in defendant's blood, by weight, was sixteen one-hundredths of one percent (0.16).

Defendant offered no evidence. The jury returned a verdict of guilty, and from that verdict and judgment entered thereon, defendant appeals.

*Attorney General Edmisten, by William W. Melvin, Deputy Attorney General, and William B. Ray, Assistant Attorney General, for the State.*

*Triggs and Mull, by C. Gary Triggs, for defendant-appellant.*

BECTON, Judge.

Defendant's first assignment of error is that the trial court failed "to instruct the jury as to the lesser included offense of reckless driving (G.S. 20-140(c) )." The law in North Carolina is clear on this issue:

> When a defendant is indicted for a criminal offense he may be convicted of the charged offense or of a lesser included offense when the greater offense charged in the bill contains all the essential elements of the lesser offense, all of which could be proved by proof of the allegations of fact contained in the indictment.

*State v. Riera,* 276 N.C. 361, 368, 172 S.E. 2d 535, 540 (1970). When there is evidence to support the lesser verdict, the trial court must charge upon it, even in the absence of a specific request for the instruction. *Id.*

In order, therefore, for defendant to prevail in this assignment of error, he must first establish that the offense of reckless driving under G.S. 20-140(c) is a lesser included offense of G.S. 20-138(b).

G.S. 20-138(b) makes it unlawful for a person to operate a motor vehicle upon any highway or public vehicular area when the amount of alcohol in such person's blood is 0.10 percent or more by weight. Hence, conviction for violation of G.S. 20-138(b) requires the State to prove three things beyond a reasonable doubt: (1) that the defendant operated a motor vehicle, (2) upon a public way, (3) when the amount of alcohol in his blood is 0.10 percent or more. On the other hand, G.S. 20-140(c) requires the State in reckless driving cases to prove (1) that defendant operated a motor vehicle, (2) upon a public way, (3) after consuming such quantity of intoxicating liquor, (4) as directly and visibly affected his operation of the vehicle.

G.S. 20-138(b), with which defendant was charged, does not contain all the essential elements of G.S. 20-140(c). Proof that defendant had a certain amount of alcohol in his blood does not prove that defendant had consumed such quantity of intoxicating liquor as directly and visibly affected his operation of his motor vehicle. We believe that the reference within G.S. 20-140(c), that the offense of reckless driving is a lesser included offense of driving under the influence of intoxicating liquor, refers to G.S. 20-138(a) (driving under the influence) and not to 20-138(b) (0.10 offense). This conclusion is supported by G.S. 20-138(b) which also states that the offense therein is a lesser included offense of driving under the influence, an obvious reference to G.S. 20-138(a). We hold, therefore, that defendant was not entitled to jury instructions on the offense of reckless driving under G.S. 20-140(c) because it is not a lesser included offense of G.S. 20-138(b).

Defendant also objects to the trial court's admission into evidence of testimony concerning the breathalyzer test administered to him. The record of the trial failed to disclose that defendant objected to or took exception to the breathalyzer evidence presented by the State. In fact, in his cross examination of the witness in question, defendant elicited the same evidence about which he now complains. His assignment of

error has no basis and is, therefore, rejected. *Abbitt v. Bartlett*, 252 N.C. 40, 112 S.E. 2d 751 (1960).

Defendant's further arguments relating to the trial court's denial of his motions for nonsuit, to set the verdict aside as being against the greater weight of the evidence, and for a directed verdict, all depend upon his success in his earlier arguments. They are, therefore, without merit.

In defendant's trial and the judgment entered therein, we find

No error.

Chief Judge MORRIS and Judge VAUGHN concur.