STATE OF NORTH CAROLINA v. WILLIE ERVIN DAVIS

No. 7018SC341

(Filed 24 June 1970)

1. Criminal Law § 169— admission of evidence over objection — similar evidence admitted without objection

   Defendant was not prejudiced by admission of evidence over objection where evidence of a like import had already come in without objection.

2. Criminal Law § 162— necessity for objection to evidence at trial

   Objection to introduction of evidence comes too late when first made on appeal.

**3. Criminal Law § 87— leading questions — discretion of court**

The allowance of leading questions is within the discretion of the court, and its rulings thereon are not reviewable absent a showing of abuse of discretion.

**4. Criminal Law § 43— admission of motion pictures — failure to object or request preview**

In this drunken driving prosecution, the trial court did not err in the admission of motion pictures taken of defendant at the police station where defendant failed to object at the trial and made no request to preview the film.

**5. Criminal Law § 166— abandonment of assignments of error**

Assignments of error not brought forward and argued in the brief are deemed abandoned. Court of Appeals Rule No. 28.

On *certiorari* to review judgment of *Gwyn, J.,* 30 October 1969 Session of Guilford Superior Court.

Defendant was convicted in the Greensboro Municipal County Court of driving under the influence and appealed to the Superior Court. Through his court-appointed counsel, he entered a plea of not guilty, was tried, and found guilty by the jury. He appealed and counsel was appointed to prosecute his appeal and he was allowed to appeal as a pauper. The appeal was not perfected within the time allowed, and the solicitor moved for dismissal of the appeal. The court, however, entered an order appointing new counsel to petition this Court for a writ of certiorari. Certiorari was granted by this Court on 26 November 1969.

*Attorney General Robert Morgan by Staff Attorney T. Buie Costen for the State.*

*William A. Vaden for defendant appellant.*

Morris, J.

The record contains 120 exceptions which form the bases for the defendant's five assignments of error.

**[1, 2]** The first assignment of error is directed to the admission of testimony which defendant says was incompetent and inadmissible. This assignment is based on 28 exceptions. Only two of these are supported by an objection made at the trial. As to these, evidence of a similar import had already come in without objection, and the overruling of the objection in these two instances could not have prejudiced defendant. As to the other 26 exceptions embraced in this assignment of error, the objection to the introduction of the evidence, even if it were inadmissible, which is not conceded, was

STATE *v.* DAVIS

not made in apt time and comes too late when first made on appeal. *Abbitt v. Bartlett,* 252 N.C. 40, 112 S.E. 2d 751 (1960); *Lambros v. Zrakas,* 234 N.C. 287, 66 S.E. 2d 895 (1951).

**[3]** The second assignment of error embraces 99 exceptions appearing in the record. By this assignment of error defendant contends that the court abused its discretion in allowing the solicitor to ask leading questions. Only one exception is based on an objection, the court's ruling on which appears in the record. This objection was sustained. An objection appears in the record to two others but the ruling of the court does not appear. In any event, the allowance of leading questions is within the discretion of the court, and his rulings thereon are not reviewable absent a showing of abuse of discretion. *State v. Staten,* 271 N.C. 600, 157 S.E. 2d 225 (1967). From our examination of the record here we find no abuse of discretion, and defendant has not shown any.

**[4]** Assignment of error No. 5 is directed to the allowing into evidence of motion pictures taken of defendant at the police station. Again, no objection was made at the trial, nor was there a request for previewing. See *State v. Strickland,* 276 N.C. 253, 173 S.E. 2d 129 (1970). This assignment of error is overruled.

**[5]** Defendant's remaining assignments of error are directed to the charge of the court. They are not brought forward and argued in defendant's brief and are, therefore, deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

It appears abundantly clear from the record that the evidence was plenary to support the verdict of the jury. It also appears that defendant's counsel ably represented him at trial. Defendant was given a suspended sentence, fined $100 and costs which he was allowed to pay at the rate of $10 per week, and ordered not to operate a motor vehicle in North Carolina for 12 months. Perhaps the failure of counsel repeatedly to interpose objections — often needlessly — was a most effective trial strategy.

No error.

MALLARD, C.J., and GRAHAM, J., concur.