IN THE MATTER OF: DAVID DUNSTON

No. 719DC367

(Filed 14 July 1971)

Appeal and Error § 30; Infants § 10— juvenile hearing — consideration of
   hearsay testimony

Hearsay testimony was competent and could be' considered in a
juvenile hearing where the respondent, who was represented by
counsel, made no objection or motion to strike.

APPEAL by respondent from *Banzet, District Judge,* 19 November 1970 Session of District Court held in FRANKLIN County.

Appeal from an order committing respondent to the care of the State Board of Juvenile Corrections.

Respondent, a 15-year old juvenile, was adjudged a delinquent child within the meaning of G.S. 7A-278(2) upon a finding by the Juvenile Court that he committed a simple assault upon Steven Johnson, age 14, by kicking him in the neck.

*Attorney General Morgan by Assistant Attorney General Weathers for the State.*

*Clayton & Ballance by Theaoseus T. Clayton for appellant.*

GRAHAM, Judge.

Respondent contends that the court's findings were based upon hearsay evidence. It is true that some of the testimony offered was hearsay. However, respondent, who was represented by counsel at the hearing, made no objection or motion to strike. The testimony was therefore competent and could be considered. *Abbitt v. Bartlett,* 252 N.C. 40, 112 S.E. 2d 751; *State v. Davis,* 8 N.C. App. 589, 174 S.E. 2d 865.

Moreover, there was other competent evidence to support the court's findings. The victim of the assault testified that he was sitting on the commode in the boy's bathroom of Louisburg High School when respondent and some other students came in and turned off the lights. The lights remained off for a minute or more and during that time the witness was kicked in the neck. When the lights came back on respondent was seen walking toward the door. The witness testified, "I am able to say which one kicked me. David Dunston. He was the only one near enough to do it."

The findings and conclusions of the Juvenile Court are specific and are technically sound. We have reviewed the complete record and conclude that no prejudicial error appears therein.

Affirmed.

Judges CAMPBELL and BRITT concur.