STATE OF NORTH CAROLINA v. CECIL MATHIS, DEFENDANT

No. 7119SC730

(Filed 29 December 1971)

1. Larceny § 7— prosecution — stolen goods — issue of ownership — sufficiency of evidence

Sole evidence on the issue of the ownership of stolen goods, which consisted of a police officer's testimony, received without objection, that he ascertained the goods to be owned by a named towel company, *is held* sufficient to support a jury finding as to ownership.

2. Criminal Law § 95— joint trial of two defendants — admissibility of codefendant's statement

The admission of a defendant's statement which did not implicate his codefendant was not prejudicial error in this joint trial of the two defendants.

APPEAL by defendant from *Gambill, Judge,* 19 April 1971 Criminal Session of Superior Court held in CABARRUS County.

Defendant appeals from judgment entered upon a jury verdict finding him guilty of felonious larceny. He was charged with this offense jointly with his wife, Jacqueline M. Mathis, and the cases were tried together. The case of *State v. Jacqueline M. Mathis* is the subject of a separate appeal. For a more complete statement of the facts see opinion of Brock, Judge, in that case, filed this date.

*Attorney General Morgan by Assistant Attorney General Denson for the State.*

*Arthur Goodman, Jr., for defendant appellant Cecil Mathis.*

GRAHAM, Judge.

[1] Defendant contends the State failed to show who owned the property allegedly stolen and that his motion for nonsuit should have been allowed for this reason. Where the State offers no evidence identifying the owner of the property defendant is accused of stealing, nonsuit must be allowed. *State v. Mullinax,* 263 N.C. 512, 139 S.E. 2d 639.

The bill of indictment alleges the owner of the property in question as Towel City Towel Co., Inc. No official, agent or employee of the alleged corporate owner of the property testified. However, a police officer did testify that "I ascertained that this merchandise that I found underneath the trailer was

owned by Towel City Towel Company." No objection having been made to this testimony, it was before the jury and could be considered. *In re Dunston,* 12 N.C. App. 33, 182 S.E. 2d 9; *State v. Davis,* 8 N.C. App. 589, 174 S.E. 2d 865. Where testimony sufficient, if true, to establish a fact at issue is received in evidence without objection, a nonsuit cannot be sustained even if the only evidence tending to establish the disputed fact is incompetent. See *Skipper v. Yow,* 249 N.C. 49, 105 S.E. 2d 205.

We hold that the testimony of the officer, which was received without objection, constituted evidence sufficient to withstand defendant's motion for nonsuit made on the grounds ownership of the property was not shown.

[2] Defendant next assigns as error the admission in evidence of statements made by him and his co-defendant. Neither defendant testified and defendant contends that the admission of his co-defendant's statement was error. Had the statement of the co-defendant implicated defendant this assignment of error would be well taken. *Bruton v. United States,* 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620; *State v. Williams,* 275 N.C. 77, 165 S.E. 2d 481; *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230. "[I]n joint trials of defendants it is necessary to exclude extrajudicial confessions unless all portions which implicate defendants other than the declarant can be deleted without prejudice either to the State or the declarant. If such deletion is not possible, the State must choose between relinquishing the confession or trying the defendants separately." *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492.

A close review of that portion of the co-defendant's statement which was related to the jury indicates that all references tending to implicate this defendant were deleted. There is nothing in the co-defendant's statement, as it was related to the jury, which reflects prejudicially on this defendant. We therefore overrule this assignment of error.

We have examined defendant's remaining assignments of error, and in our opinion no error has been shown which is sufficiently prejudicial to require a new trial.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.