State v. Laws

STATE OF NORTH CAROLINA v. CHARLIE LAWS

No. 7220SC607

(Filed 20 September 1972)

Escape § 1— prosecution for fourth escape — sufficiency of State's evidence to be submitted to jury

State's evidence in a prosecution for escape while in lawful custody was sufficient to be submitted to the jury though some of the testimony constituted hearsay evidence where it tended to show that defendant left his prison work squad without permission, that he was apprehended several hours later about three or four miles from the place he had been working, and that he had been convicted for escape three times before.

APPEAL by defendant from *Collier, Judge,* 27 March 1972 Session of Superior Court held in STANLY County.

Defendant was tried under a bill of indictment charging that he feloniously escaped from lawful custody while serving a sentence imposed in October of 1958 for the felonies of second degree murder and armed robbery, "this being the fourth offense of escape committed by the said Charlie Laws, he having been convicted of the first offense of escape at the October 1962 Term of Ashe County Superior Court, and he, the said Charlie Laws, having been convicted of the second offense of escape at the October 1963 Term of Ashe County Superior Court, and he, the said Charlie Laws, having been convicted of the third offense of escape at the November 1968 Term of Stanly County Superior Court. . . ."

The State presented evidence tending to show that around noon on 12 August 1971 defendant left his prison work squad without permission. He was apprehended two or three hours later after having been pursued by bloodhounds brought to the scene by prison authorities. When apprehended, defendant was about three to four miles from where he had been working. The State also offered evidence of defendant's previous convictions for escape at the times and places alleged in the bill of indictment.

Defendant testified that he did not escape but merely went into the woods to relieve himself.

The jury returned a verdict of guilty and judgment was entered imposing a prison sentence of six months to begin at the expiration of the sentences defendant is now serving.

*Attorney General Morgan by Deputy Attorney General Vanore for the State.*

*S. Craig Hopkins for defendant appellant.*

GRAHAM, Judge.

Defendant's sole contention is that the State's evidence was insufficient to be submitted to the jury. This contention is without merit. It is true, as defendant points out, that some of the testimony bearing upon some elements of the offense constituted hearsay evidence. However, defendant did not object to any of the testimony offered. When hearsay is admitted without objection, it may be considered and given any evidentiary value which it may possess. *State v. Fuqua,* 234 N.C. 168, 66 S.E. 2d 667. See also *In re Dunston,* 12 N.C. App. 33, 182 S.E. 2d 9; *State v. Davis,* 8 N.C. App. 589, 174 S.E. 2d 865.

It appears clear from the record that the evidence was plenary to support the verdict of the jury. In our opinion no error has been shown which is sufficiently prejudicial to require a new trial.

No error.

Judges PARKER and VAUGHN concur.