STATE OF NORTH CAROLINA v. LORENZA HARRELL

No. 721SC787

(Filed 22 November 1972)

1. Criminal Law § 162—objection to evidence first made on appeal
    Defendant's objection to the admission of breathalyzer test results comes too late when made for the first time on appeal.

2. Constitutional Law § 32— failure of counsel to object to admission of evidence — denial of new trial proper
    Failure of defendant's counsel to object at trial to the admission of breathalyzer test results does not entitle defendant in a drunken driving case to a new trial.

APPEAL by defendant from *Tillery, Judge,* 27 June 1972 Criminal Session of Superior Court held in PERQUIMANS County.

Defendant was convicted in the District Court of Perquimans County of the offense of driving a motor vehicle upon a public highway while under the influence of intoxicating liquor. He appealed, to Superior Court where he was again convicted.

Evidence offered in Superior Court by the State tends to show the following: On 17 January 1972 at about 11:00 p.m.,

Highway Patrolman C. T. Thomas observed a Plymouth automobile being operated by defendant on Highway 17 near Hertford. The automobile had taxi license plates and was proceeding in a "zig-zag manner" at a speed of approximately 45 miles per hour in a 60 mile per hour speed zone. Thomas had defendant pull over after observing him cross over the center line of the highway two or three times. Defendant was unsteady on his feet and had an odor of some intoxicant about his person. After defendant was unable to successfully perform various sobriety tests which he voluntarily attempted, Thomas placed him under arrest, advised him of his constitutional rights, and took him to the Elizabeth City Patrol Station where he was given additional tests, including a breathalyzer test. Defendant was "wobbling or swaying" during agility tests, and he was generally unable to perform them successfully. His speech was somewhat mumbled. The breathalyzer results, which were admitted in evidence without objection, showed a reading of .10. The arresting officer and the breathalyzer operator testified that, based upon their observation of defendant and independent of the breathalyzer results, they were of the opinion defendant was under the influence of some intoxicating beverage.

Defendant testified in his own behalf that on the evening he was arrested he had consumed only a portion of one tall can of Colt 45 beer. He stated that the beer did not affect him in any way.

*Attorney General Morgan by Associate Attorney Witcover for the State.*

*John H. Harmon for defendant appellant.*

GRAHAM, Judge.

[1] Defendant's first assignment of error is directed to the admission of the results of the breathalyzer test. No objection to the admission of this evidence was made at trial and no exception to its admission appears in the record. Even if the evidence were inadmissible, which is not conceded, defendant's objection comes too late. *State v. Davis,* 8 N.C. App. 589, 174 S.E. 2d 865.

[2] Defendant contends in the alternative that the failure of his privately employed counsel to object to the evidence in question shows that he had ineffective counsel and entitles him

to a new trial. This argument has no merit. A mere error in judgment or tactical blunder by counsel is not grounds for a new trial. Moreover, the failure of counsel to object in this instance could very well have been a deliberate choice of trial strategy, especially since the results of the breathalyzer test tended to show a lesser degree of intoxication than did the testimony of the officers.

The evidence was plenary to support the verdict of the jury, and the record affirmatively shows that defendant's counsel ably represented him at trial. We find that defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and HEDRICK concur.