STATE OF NORTH CAROLINA v. PHILLIP EDWARD BROWN

No. 7519SC961

(Filed 7 April 1976)

Criminal Law § 149— directed verdict — no appeal by State
>    The State may not appeal from an order of the superior court directing a verdict for defendant in a criminal case. G.S. 15-179.

APPEAL by the State from *Kivett, Judge.* Judgment entered 15 August 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 16 March 1976.

Defendant was tried in district court on a warrant charging him with operating a motor vehicle on a public highway while under the influence of intoxicating liquor. He was found guilty of the lesser offense of operating a motor vehicle on a public highway while having a blood alcohol content of .10 percent, a violation of G.S. 20-138(b). From judgment imposed, he appealed to superior court.

In superior court defendant was placed on trial for violating G.S. 20-138(b), pled not guilty, and was found guilty of that charge. Before any judgment was rendered, defendant, in separate written motions, moved (1) to set the verdict aside for the reason that the State failed to qualify a witness as provided by G.S. 20-139.1(b), and (2) to arrest the judgment for the reason that defendant was not tried on a warrant charging a violation of G.S. 20-138(b).

The court allowed both motions. As to (1), upon finding that the State failed to qualify the breathalyzer operator as required by G.S. 20-139.1, and that defendant had "properly" moved for a directed verdict of not guilty at the close of the

State's evidence, the court ordered the verdict returned by the jury set aside and a verdict of not guilty entered. The State appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*John D. Ingle for defendant appellee.*

BRITT, Judge.

G.S. 15-179 provides as follows:

"WHEN STATE MAY APPEAL.—Except as provided in G.S. 15A-979 (c), an appeal to the appellate division or superior court may be taken by the State in the following cases, and no other. Where judgment has been given for the defendant—

  (1) Upon a special verdict.

  (2) Upon a demurrer.

  (3) Upon a motion to quash.

  (4) Upon arrest of judgment.

  (5) Upon a motion for a new trial on the ground of newly discovered evidence, but only on questions of law.

  (6) Upon declaring a statute unconstitutional.

  (7) Upon a motion to bar prosecution based on the prohibition against double jeopardy."

We hold that an appeal by the State is not authorized in this case. On oral argument in this court the State contended that the appeal is permitted by subsection (4), "upon arrest of judgment." We reject that contention because no judgment was arrested. The action of the court in allowing defendant's motion in arrest of judgment had no effect and we treat it as mere surplusage.

While we think the trial court erred in directing a verdict for defendant, we are not authorized to correct that error. The record discloses that during the presentation of evidence defendant did not challenge the qualifications of the breathalyzer operator and did not object to any of his testimony. Defendant's

first complaint with respect to the testimony came after the jury returned its verdict; that was too late. 3 Strong, N. C. Index 2d, Criminal Law § 162; *State v. Harrell,* 16 N.C. App. 620, 192 S.E. 2d 645 (1972); *State v. Davis,* 8 N.C. App. 589, 174 S.E. 2d 865 (1970).

Appeal dismissed.

Judges PARKER and CLARK concur.